UNITED STATES of America, Appellee,

v.

Lancer Scott GONDEK, Defendant,
Appellant.

No. 95–1065.

United States Court of Appeals,
First Circuit.

Heard June 5, 1995.

Decided Sept. 6, 1995.

James S. Hewes, by Appointment of the
Court, Portland, ME, for appellant.

F. Mark Terison, Asst. U.S. Atty., with
whom Jay P. McCloskey, U.S. Atty., and
Jonathan R. Chapman, Asst. U.S. Atty.,
Portland, ME, were on brief, for appellee.

Before BOUDIN, Circuit Judge,
CAMPBELL, Senior Circuit Judge, and
SCHWARZER,* Senior District Judge.

* Of the District of Northern California, sitting by    designation.

BOUDIN, Circuit Judge.

In November 1992, Lancer Scott Gondek was convicted in Maine Superior Court of robbery and burglary and sentenced to prison. While on parole after imprisonment, Gondek was arrested in March 1994 for possession of a firearm. The federal government indicted him under the felon in possession statute. 18 U.S.C. §§ 922(g)(1), 924(a)(2). In consequence of his arrest, his failure to attend a drug treatment program, and his alcohol use, the state court revoked Gondek's parole and imposed on him a three-year prison sentence. Gondek then pled guilty in federal court to a single count of firearms possession.

In January 1995, the district court imposed a 77–month sentence on Gondek and concluded that the Sentencing Guidelines required the federal sentence to run consecutively to the state sentence imposed after the parole violation. Gondek has now appealed the federal sentence, arguing that a consecutive sentence was not mandatory and should not have been ordered. His only substantial argument involves the interpretation of U.S.S.G. § 5G1.3, a set of provisions that are less than a model of clarity.

Section 5G1.3 governs the imposition of sentences on defendants who are convicted of a crime while subject to an undischarged term of imprisonment for a previous conviction. Under subsection (a), the new sentence must be *consecutive* if a defendant is convicted for a crime committed while "serving a term of imprisonment (including work release, furlough, or escape status), or after sentencing for, but before commencing service of, such term of imprisonment." Subsection (b) provides for a *concurrent* sentence where the undischarged term resulted from offenses "that have been fully taken into account" (*e.g.*, as an adjustment) in determining the offense level for the present offense. Finally, under subsection (c) in all other cases the new sentence is to be consecutive "to the extent necessary to achieve a reasonable incremental punishment for the instant offense."

The commentary for subsection (c) gives the court some latitude in determining what is a "reasonable incremental punishment,"

although it offers one generalization that covers a good many cases: application note 3 says that to the extent practicable, the court should achieve the total punishment that would have been imposed "had all of the offenses been federal offenses for which sentences were being imposed at the same time." The commentary concludes with application note 4, added in 1993, which reads as follows:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to be served consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release (in accord with the policy expressed in §§ 7B1.3 and 7B1.4).

The language of application note 4 applies directly to this case. Gondek was on state parole at the time of the present firearms possession offense, and the district court followed the directive that the sentence for the new offense "should be imposed to be served consecutively to the term imposed for the violation of ... parole...." The only question is whether the district court erred in believing that this result was mandated by the guidelines; if the commentary were only a suggestion, then the district court would be obliged to decide whether as a matter of discretion it wished to make the term consecutive or concurrent.

There is an argument for reading application note 4 to reserve discretion to the district court. The note, after all, is appended to a subsection that does confer some discretion and is explicitly labeled a "policy statement," although commentary policy is also binding. *Williams v. United States,* 503 U.S. 193, 200–01, 112 S.Ct. 1112, 1119–20, 117 L.Ed.2d 341 (1992). Some might also attach weight to the note's use of the word "should," rather than "shall," *see United States v. Whiteley,* 54 F.3d 85, 89, 91 (2d Cir.1995), but

these shadings in guideline language do not appear to be very reliable guides.

■ However, the greater weight of the evidence suggests that, departure to one side, application note 4 is mandatory. First, the simple and straightforward language of application note 4 says that if the defendant committed the offense while on parole, the sentence should be made consecutive. No qualification is stated or suggested. In other words, application note 4 represents the Commission's determination as to what is a "reasonable incremental punishment" in the narrow situation described in the note.

Second, the rationale for this special treatment is entirely understandable. Unlike many cases governed by subsection (c), where the two offenses arise from related events, the parole case covered by application note 4 involves a new offense normally unrelated to the original offense that led to the parole. Instead, the situation is closely akin to the case of the defendant who commits a new offense while still in prison, the very situation in which subsection (a) instructs that the new sentence is to be served consecutively.

Third, the guidelines elsewhere provide that where a federal court imposes a term of imprisonment "upon the revocation of probation or supervised release," it is to be served consecutively to any sentence of imprisonment then being served. U.S.S.G. § 7B1.3(f). This section does not in terms apply to Gondek's case because his revocation was by a state court and was prior to the federal sentence; but the policy of this provision, which is explicitly cross-referenced in application note 4, makes irrelevant the sequence of events. Reading the two provisions together reenforces our view that application note 4 is mandatory.

Fourth, one circuit has agreed that application note 4 is mandatory, *United States v. Bernard,* 48 F.3d 427, 432 (9th Cir.1995); two others reached the same result, for sentences imposed prior to application note 4, based in part upon U.S.S.G. § 7B1.3(f), *United States v. Glasener,* 981 F.2d 973, 975 (8th Cir.1992); *United States v. Flowers,* 13 F.3d 395, 397 (11th Cir.1994); and apparently no other circuit has agreed with Gondek's view.

Although we are obliged to make our own judgment, our confidence in it is reinforced by the reaction of other circuits.

There are three loose ends that deserve separate treatment. On a technical level, one might ask why the Commission, in adding application note 4 in 1993, did not simplify the matter by expanding the language of subsection (a) to embrace parole. It is probably enough to observe that subsection (a) is addressed primarily to cases in which a defendant commits the new offense while "serving a term of imprisonment"; and it would have required some reworking of subsection (a) as a whole—not merely the insertion of a few words—to allow it to include parole, probation and supervised release.

The broader question is whether there is a clash, in spirit if not in language, between the apparently generous grant of discretion conveyed by subsection (c) and the specific, restrictive directive of application note 4. Subsection (c) had to be generally phrased because it was designed as a catch-all for all situations not embraced by subsections (a) and (b), including ones that the Commission might not be able to envision in advance. It does not seem to us inconsistent for the Commission to identify one such situation and treat it expressly in commentary, a pattern common throughout the guidelines.

Indeed, in subsection (c) itself application note 3 reflects the same technique and suggests that it is easy to overstate the amount of discretion conferred by subsection (c) as a whole. As already noted, application note 3 contains a formula that governs a good many of the cases likely to arise under subsection (c). That formula, which calls on the court to compute the overall punishment as if both sentences were imposed by a federal court in one case, involves a regime that is virtually mathematical in its application. *See United States v. Whiting,* 28 F.3d 1296, 1310–11 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994).

■ Something more can be made of the fact that, under U.S.S.G. § 4A1.1(d), Gondek is automatically subject to a two-point increase in criminal history points for his present offense because it was committed while

**4**

on parole for another offense. To insist that the new sentence be consecutive as well is therefore a form of double counting, providing a policy argument in favor of a lenient reading. But forms of double counting are not unusual under the guidelines and are permissible where intended, *United States v. Newman*, 982 F.2d 665, 673 (1st Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 59, 126 L.Ed.2d 28 (1993), as we think is the case here.

 In an entirely independent argument, Gondek says that, if the guidelines make a consecutive sentence mandatory, then they violate 18 U.S.C. § 3584(a), a provision that contemplates a choice by the district court between consecutive and concurrent sentences. We have previously held that the court's discretion under section 3584(a) is constrained where the Commission has promulgated a governing guideline. *United States v. Flowers*, 995 F.2d 315, 316–17 (1st Cir.1993). Indeed, the statute authorizing the guidelines specifically provides for them to include rules to be used in determining "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively. . . ." 28 U.S.C. § 994(a)(1)(D).

Gondek's final argument is a claim that the district court should have applied subsection (b), rather than subsection (c), of U.S.S.G. § 5G1.3. The former, as already noted, provides for concurrent sentences subsection where (a) does not apply and the undischarged term of imprisonment "resulted from offense(s) that have been fully taken into account" in determining the offense level for the instant offense. U.S.S.G. § 5G1.3(b). Gondek argues that this quoted language governs, primarily because the prior convictions were what made him a felon subject to the felon in possession statute.

 The critical phase—"fully taken into account"—refers to a case in which the prior criminal conduct is also *offense* conduct in the present case; examples, indicated by the commentary, would be state and federal prosecutions for the same conduct or a federal prosecution that treated the state offense

as relevant conduct in determining the federal offense level. U.S.S.G. § 5G1.3, comment. (n. 2). The prior felony conviction that makes it unlawful to carry a firearm is not "taken into account" in this manner in the federal sentencing, and the rationale of subsection (b) does not apply. *See Flowers*, 13 F.3d at 397.

Although we think that the stronger arguments and pertinent precedent favor our interpretation of application note 4, these arguments do not remove every possible doubt. Where literally years of imprisonment may turn on the issue, even a shadow of a doubt ought not to be allowed to persist. A copy of this opinion will be transmitted to the Sentencing Commission with the suggestion that it consider clarifying its intention.

*Affirmed.*