_____

No. 95-3997
_____

United States of America,  *
                           *
          Appellee,         *
                           *  Appeal from the United States
     v.                    *  District Court for the
                           *  Southern District of Iowa.
Anna Marie Dungy,           *
                           *        [UNPUBLISHED]
          Appellant.        *


_____

          Submitted:  April 10, 1996

            Filed:  April 23, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Anna Marie Dungy appeals the sentence imposed by the district court[1] following her guilty plea to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  For reversal, Dungy argues the district court erred by concluding it lacked the authority to impose her federal sentence concurrently to the undischarged state sentences she was serving.  We affirm.

     Dungy committed the instant offense while on state probation for drug and firearm offenses.  At the time of Dungy's federal sentencing hearing, her state probation had been revoked and she was in state custody serving her sentences.  At sentencing, Dungy

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

argued that U.S.S.G. § 5G1.3(c), p.s. (1995), and application note 6 (formerly note 4) vested the court with the discretion to impose her federal sentence concurrently to the undischarged state sentences she was serving, because the Commission used the word "should," as opposed to "shall."  Relying on United States v. Gondek, 65 F.3d 1, 2-3 (1st Cir. 1995) (holding application note 4 requires mandatory consecutive sentencing) and United States v. Bernard, 48 F.3d 427, 432 (9th Cir. 1995) (same), the district court concluded it had no discretion to impose the federal sentence to run concurrently to Dungy's undischarged state sentences, and sentenced Dungy to 84 months imprisonment, to run consecutively to her undischarged state sentences, and four years supervised release.

We review de novo the district court's application of section 5G1.3. United States v. Brewer, 23 F.3d 1317, 1320 (8th Cir. 1994).  Sentencing courts must follow the procedures set out in section 5G1.3 and impose a sentence accordingly.  United States v. Gullickson, 981 F.2d 344, 349 (8th Cir. 1992).  As relevant here, section 5G1.3(c) provides that, if neither subsection (a) nor (b) applies,[2] "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense" (emphasis added).  Application note 6 (formerly note 4) states:  "If the defendant was on . . . state probation . . . at the time of the instant offense, and had such probation . . . revoked, the sentence for the instant offense

---

[2]Subsection (a) and (b) do not apply in this case.  See U.S.S.G. § 5G1.3(a) (if instant offense was committed while defendant was serving term of imprisonment, or after sentencing but before commencing such term of imprisonment, sentence for instant offense must be imposed consecutively to undischarged term of imprisonment); U.S.S.G. § 5G1.3(b) (if undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in determination of offense level for instant offense, sentence for instant offense shall be imposed to run concurrently to undischarged term of imprisonment).

-2-

should be imposed to run consecutively to the term imposed for the violation of probation . . . in order to provide an incremental penalty for the violation of probation . . . See § 7B1.3" (emphasis added).

We agree with the Gondek court's reasoning that, notwithstanding the Commission's use of the word "should" rather than "shall," the "greater weight of the evidence suggests" application note 4 (now note 6) is mandatory. Gondek, 65 F.3d at 2-3. As the Gondek court noted, "application note 4 represents the Commission's determination as to what is `reasonable incremental punishment'" for the conduct described in the note. Id. at 3. The Gondek court also noted that the situations covered by the note are similar to the situations covered in subsection (a), which mandates consecutive sentencing, and that the application note references U.S.S.G. § 7B1.3(f), p.s., which requires consecutive sentencing after the revocation of federal probation or supervised release. Gondek, 65 F.3d at 2. Finally, the Bernard court reached the same conclusion about the application note, see Bernard, 48 F.3d at 432, and in United States v. Glasener, 981 F.2d 973, 975 (8th Cir. 1992), we reached a similar result for sentences imposed before the enactment of application note 4, based in part on section 7B1.3(f). Accordingly, we conclude the district court correctly determined it lacked the discretion to impose Dungy's federal sentence concurrently to her undischarged state sentences.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.