**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stanley ALEXANDER, Defendant–**
**Appellant.**

**No. 96–10002**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1996.

Michael Reuss Snipes, Assistant U.S. Attorney, Office of the United States Attorney, Dallas, TX, for plaintiff-appellee.

James A. Johnston, Dallas, TX, for defendant-appellant.

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:

Stanley Alexander appeals the district court's order requiring his federal sentence for illegal purchases of firearms in violation of 18 U.S.C. § 371 to run consecutively to his undischarged state sentence for attempted murder. Specifically, Alexander contends that the district court erred in concluding it lacked the authority to allow his federal sentence to run concurrently because of the requirements of Application Note 6 under United States Sentencing Guideline § 5G1.3(c) (1995). Because we agree with the district court that Application Note 6 mandates a consecutive sentence in this case, we affirm.

## I.

Pursuant to a plea agreement, Alexander pled guilty to conspiracy to conduct illegal straw purchases of firearms, in violation of 18 U.S.C. § 371, and was sentenced to twenty-four months' imprisonment, three years' supervised release, and $50 special assessment. At the time Alexander committed the charged offense, he was on state probation for attempted murder. His probation was revoked on September 19, 1994, an adjudication of guilt was entered, and he was sentenced to twenty years' imprisonment.

The pre-sentence report in the charged offense recommended, pursuant to Application Note 6 of § 5G1.3, that the sentence for the instant offence run consecutively to Alexander's undischarged state sentence. At sentencing, Alexander argued that the language in Note 6 (Note 4 under the previous guidelines) is instructive rather than mandatory and that the district court retained discretion under § 5G1.3(c) to impose a "reasonable incremental punishment" for the instant offense rather than a consecutive sentence.

The district court ordered Alexander's sentence to run consecutively to his undischarged state sentence. The court determined that the language "should be imposed to run consecutively," found in Application Note 6 under § 5G1.3, mandated consecutive sentences. The court specifically noted, however, that if Note 6 was not mandatory, the court would "recalculate on the basis of an incremental sentence."

## II.

We review de novo the district court's application of § 5G1.3. *United States v. Bryant,* 991 F.2d 171, 177 (5th Cir.1993). In general, a sentence will be upheld on review unless it was "imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable." *United States v. Garcia,* 962 F.2d 479, 480–81 (5th Cir.), *cert. denied,* 506 U.S. 902, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992).

Section 5G1.3 governs imposition of sentences on defendants who are convicted of a crime while subject to an undischarged term of imprisonment for a previous conviction. Under subsection (a), the new sentence must be consecutive if a defendant is convicted for a crime committed while "serving a term of imprisonment (including work release, furlough, or escape status), or after sentencing for, but before commencing service of, such term of imprisonment." Subsection (b) provides for a concurrent sentence where the undischarged term resulted from offenses "that have been fully taken into account" in determining the offense level for the present offense. Finally, subsection (c) provides that "in any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Application Note 6 addresses revocations of probation, parole, or supervised release. It states in relevant part:

If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant

offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release. The Note also references U.S.S.G. § 7B1.3, which sets forth a policy that any imprisonment imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed.

It is undisputed that § 5G1.3(c) governs this case. It is also undisputed that the facts of Alexander's case squarely fit into the scenario envisioned by Application Note 6. At issue is only whether Note 6 imposes a mandatory duty on the trial judge to impose a consecutive sentence, or whether the trial judge retains discretion to impose a concurrent or partially concurrent sentence.

■ We begin by noting that both § 5G1.3(c) and Application Note 6 are binding on the courts. This is true even though § 5G1.3(c) is designated a "Policy Statement" rather than a "Guideline." To the extent that they interpret substantive guidelines and do not conflict with them or with any statutory directives, policy statements contained in the Sentencing Guidelines are authoritative. *Williams v. United States,* 503 U.S. 193, 199, 112 S.Ct. 1112, 1118–19, 117 L.Ed.2d 341 (1992); *cf. United States v. Headrick,* 963 F.2d 777 (5th Cir.1992) (policy statements in Chapter 7 of the Sentencing Guidelines must be considered, but are advisory only because they do not interpret or explain any statute or guideline). We stated in *United States v. Hernandez* that "[w]e believe that § 5G1.3(c), a policy statement, is binding on district courts because it completes and informs the application of a particular guideline." 64 F.3d 179, 182 (5th Cir. 1995); *see also United States v. Brewer,* 23 F.3d 1317, 1322 (8th Cir.1994) ("This policy statement interprets § 5G1.3, whose purpose is to impose 'an appropriate incremental punishment for the instant offense that most clearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time.' ") (quoting U.S.S.G. § 5G1.3 comment. (backg'd)). We also specifically held that "the district court must consider the policy statement to this particular guideline when applicable. Other-

wise, the sentence may result in an incorrect application of the guidelines." *Hernandez,* 64 F.3d at 182; *see also Williams,* 503 U.S. at 200–01, 112 S.Ct. at 1119; *United States v. Sorensen,* 58 F.3d 1154, 1158 (7th Cir.1995) (failure to apply § 5G1.3(c) is the same as not applying any other guideline and is thus appealable).

■ Similarly, where the commentary to a guideline section functions to interpret that section or to explain how it is to be applied, a sentencing court is bound to consider its implications, unless it is plainly erroneous or inconsistent with the guidelines. *Stinson v. United States,* 508 U.S. 36, 41–48, 113 S.Ct. 1913, 1917–20, 123 L.Ed.2d 598 (1993); *Hernandez,* 64 F.3d at 183. Because Application Note 6 to § 5G1.3 interprets this policy statement and explains how it should be applied, a sentencing court is bound to consider its implications. *Hernandez,* 64 F.3d at 183; *United States v. Coleman,* 15 F.3d 610, 612 (6th Cir.1994).

### III.

■ Alexander advances two main arguments for why Note 6 should not be read as mandating a consecutive sentence. First, Alexander argues, the plain meaning of the term "should," as opposed to "shall," connotes something less than an absolute mandate. Second, he contends that reading Note 6 as a mandatory requirement would conflict with our recent decision in *United States v. Hernandez.* Both of these arguments are unpersuasive.

Three circuits have addressed this precise issue. All three have concluded that despite the Sentencing Commission's use of the word "should" rather than "shall," the "greater weight of the evidence suggests" Application Note 6 imposes a mandatory obligation on the district court. *United States v. Gondek,* 65 F.3d 1, 2–3 (1st Cir.1995); *see also United States v. McCarthy,* 77 F.3d 522, 539–40 (1st Cir.1996); *United States v. Bernard,* 48 F.3d 427, 430–32 (9th Cir.1995); *United States v. Dungy,* 1996 WL 193150, at *2 (8th Cir. April 23, 1996) (unpublished disposition). Other courts, including this Court, while not directly deciding this issue have intimated that

Application Note 6 is mandatory. *See, e.g., United States v. Torrez*, 40 F.3d 84, 88 n. 2 (5th Cir.1994) (accepting that the Note "mandates a consecutive sentence" but declining to apply because sentencing preceded Note's effective date); *United States v. Brewer*, 1996 WL 7961, at *3 (4th Cir. Jan. 8, 1996) (unpublished disposition) (stating Note "instructs the district court to impose a sentence consecutive to a probation revocation sentence"), *cert. denied,* —— U.S. ——, 116 S.Ct. 1699, 134 L.Ed.2d 798 (1996). *But cf. United States v. Smith*, 80 F.3d 1188, 1192 (7th Cir.1996) (describing the Note as setting forth "a strong preference for consecutive sentences"). Moreover, at least two other courts reached the same result prior to promulgation of the Note based in part on the policy statement contained in U.S.S.G. § 7B1.3(f), which is specifically cross-referenced in Note 6. *See United States v. Glasener*, 981 F.2d 973, 975 (8th Cir.1992); *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir.1994).

We agree with the analysis of our sister circuits that Application Note 6 is mandatory notwithstanding its use of the term "should." The Note plainly states that if the defendant committed the offense while on probation and his probation has been revoked, the sentence should be imposed consecutively. No qualifications or reservations are suggested. As the First Circuit observed, the Note "represents the Commission's determination as to what is a 'reasonable incremental punishment' in the narrow situation described in the Note." *Gondek*, 65 F.3d at 3.

Moreover, as these courts have noted, the situations covered by Note 6 are analytically similar to those governed by § 5G1.3(a), which mandates consecutive sentences. Subsection (a) imposes a consecutive sentence where a defendant is convicted for a crime committed while "serving a term of imprisonment (including work release, furlough, or escape status), or after sentencing for, but before commencing service of, such term of imprisonment." Likewise, Application Note 6 requires a consecutive sentence where a defendant on probation, parole, or work release at the time he commits the offense has that probation, parole, or work release re-voked prior to sentencing. This latter scenario is virtually identical to that described in subsection (a) of a defendant convicted of a crime "after sentencing for, but before commencing service of," a term of imprisonment. That the Commission chose to mandate such a result through an Application Note rather than amending the Guidelines directly is irrelevant. *See Gondek*, 65 F.3d at 3.

Nor does such a reading of Note 6 conflict with the general grant of discretion in § 5G1.3(c). Subsection (c) was intended as a catch-all and generally grants broad discretion to the district court in those situations not governed by the mandates of subsections (a) and (b). However, nothing in subsection (c) forecloses the Commission's ability to create other exceptions to the district court's discretion, and there is nothing inconsistent in doing so through an Application Note rather than a Guideline.

Finally, Alexander argues that interpreting Application Note 6 as mandatory conflicts with our recent decision in *Hernandez*. This argument grossly overstates our holding in that case. In *Hernandez*, we addressed whether Application Note 3 to § 5G1.3 under the 1994 Guidelines removed the district court's authority to deviate from the suggested methodology for determining an appropriate incremental punishment. Note 3 provided in relevant part:

> To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed ... had all of the offenses been federal offenses for which sentences were being imposed at the same time.

We held that "due to the permissive language of the commentary, ... the suggested methodology is advisory only." *Hernandez*, 64 F.3d at 183.

There, however, the commentary specifically indicated that the methodology was meant only to "assist the court in determining the appropriate sentence," and that, even then, it need only be followed "to the extent practicable." U.S.S.G. § 5G1.3, comment. (n. 3). No such limiting language is present in Application Note 6 and nothing in *Hernandez* forecloses the decision we reach today.

For the foregoing reasons, the decision of the district court is AFFIRMED.

AFFIRMED.