Welch v. USA                    CV-95-263-SD   03/19/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Edward W. Welch, Jr.


          v.                          Civil No. 95-263-SD


United States of America



O R D E R


     Edward W. Welch, Jr., seeks vacation of his federal
sentence.  28 U.S.C. § 2255.[1]  For reasons that follow, the court
finds that he is entitled to relief.[2]

_____

     [1]28 U.S.C. § 2255 provides in relevant part:

          A prisoner in custody under sentence of a
          court established by Act of Congress claiming
          the right to be released upon the ground that
          the sentence was imposed in violation of the
          Constitution or laws of the United States, or
          that the court was without jurisdiction to
          impose such sentence, or that the sentence
          was in excess of the maximum authorized by
          law, or is otherwise subject to collateral
          attack, may move the court which imposed the
          sentence to vacate, set aside or correct the
          sentence.


     [2]The court had requested input from the United States
Attorney on the pending motion, and also received excellent input
from Deputy Chief Probation Officer (DCPO) Peter Russo.  This
research resulted in a recommendation from the DCPO which the

## 1.  Background

In November 1990 Welch, together with others, was indicted for participating in a conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Following a lengthy jury trial in April and May 1991, the defendants were convicted, and these convictions were affirmed on direct appeal.  United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994).

At the time of his sentence on January 3, 1992, Welch was serving an undischarged term of imprisonment at the New Hampshire State Prison (NHSP).  The state sentence of two to four years was had for offenses that had been considered by this court in determining the offense level of Welch under the United States Sentencing Guidelines (USSG).[3]

Welch was sentenced in this court to a term of 135 months, which was to be followed by five years of supervised release.  At the time of his sentence, the applicable Guidelines manual was that containing amendments effective as of November 1, 1991.

Welch correctly argues that this court in imposing sentence

court here follows and which has been concurred in by the United States Attorney.

[3]Welch's total offense level, as computed by this court at sentencing, was 32, which included a two-level reduction for acceptance of responsibility.  As his criminal history category was II, the Sentencing Guidelines range was 135 to 168 months.

overlooked the 1991 version of USSG 5G1.3(b), which requires, in cases where the undischarged term of imprisonment resulted from offenses that constituted part of the same course of conduct as the sentencing offense and have been fully taken into account in determining the offense level for the sentencing offense, the imposition of a combined sentence equal to the total punishment that would have been imposed had all the sentences been imposed at the same time.[4]

## 2. Discussion

USSG 5G1.3 governs the imposition of sentences on defendants who are convicted of a crime while subject to an undischarged term of imprisonment for a previous conviction. Subsection (b) provides for a concurrent sentence where the undischarged term resulted from offenses "that have been fully taken into account" in determining the offense level for the present offense.

"The critical phrase--'fully taken into account'--refers to a case in which the prior criminal conduct is also offense

---

[4]Welch also challenges his sentence on the alleged ineffective assistance of counsel. Because of the result herein reached, the court finds it unnecessary to approach or to attempt to resolve this issue. The court notes, however, that at sentencing counsel for Welch did specifically request the imposition of a concurrent sentence, which is the relief here sought by Welch. See Document 526 (Crim. No. 90-108-3-SD, United States v. Welch), Sentencing Transcript of January 3, 1992, at 27.

conduct in the present case . . . ." United States v. Gondek, 65 F.3d 1, 4 (1st Cir. 1995) (emphasis in original). The circumstances of the instant case fall within the parameters of USSG 5G1.3(b).

Excellent research and review by the DCPO reveals that Welch was sentenced in state court on December 8, 1989, and was given pretrial credit of 141 days. He was paroled from his NHSP sentence to the federal detainer in this case on January 27, 1992, and the Bureau of Prisons commenced giving him credit toward his federal sentence as of that date.[5]

Accordingly, Welch served 922 days in custody on his state sentence before he commenced service of his federal sentence.[6] Application of the 1991 version of USSG 5G1.3(b) would result in a 135-month period of sentence if the sentences for the two cases had been imposed at the same time.

Welch is accordingly entitled to a sentence of 135 months less 922 days, or a sentence of 104 months and 8 days. There is

---

[5]For reasons unclear, the United States Marshals Service did not take custody of Welch until June 19, 1992.

[6]The computation of this time period is as follows:

| | |
|---|---|
| Pretrial Credit | 141 days |
| December 1989 | 24 days |
| 1990 | 365 days |
| 1991 | 365 days |
| January 1992 | 27 days. |

no need for a new sentencing hearing. <u>Alicea v. United States</u>, 931 F. Supp. 111, 113 (D.P.R. 1996).

## 3. Conclusion

It is the judgment of this court that Edward W. Welch, Jr., is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 104 months and 8 days. The supervised release term and all other conditions of the original sentence shall remain as imposed at the time of such original sentence.

Amended judgment nunc pro tunc to issue.

**SO ORDERED.**


                                         _____
                                         Shane Devine, Senior Judge
                                         United States District Court

March 19, 1997

cc:   United States Attorney
       United States Marshal
       United States Probation
       Edward W. Welch, Jr.