USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-1948

 UNITED STATES,

 Appellee,

 v.

 RANDALL J. COFSKE,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 

 Mark W. Griffin on brief for appellant.
 Donald K. Stern, United States Attorney, and Donald L. Cabell,
Assistant United States Attorney, on brief for appellee.

August 3, 1998

 
 
 
 Per Curiam. Upon careful review of the briefs and
 record, we find no need for oral argument and no reason to
 disturb defendant's sentence: 
 1. For U.S.S.G. 5G1.3 purposes, an undischarged
 term of probation is not an "undischarged term of
 imprisonment." Prewitt v. United States, 83 F.3d 812, 817-18
 (7th Cir. 1996); see also United States v. Gondek, 65 F.3d 1,
 2 (1st Cir. 1995). Therefore, defendant's ongoing probation in
 Virginia did not entitle him to credit for his discharged
 Virginia prison term. The district court did not commit error,
 plain or otherwise, in that regard.
 2. Contrary to defendant's argument, the district
 court sufficiently identified the grounds for the U.S.S.G. 
 2K2.1(b)(5) increase: defendant "certainly had reason to
 believe once he was transferring weapons in the middle of the
 night surreptitiously that those weapons were going to be used
 in yet another felony," and the adjustment was awarded "because
 in [the court's] opinion the defendant had reason to believe
 that the weapons that he sold would be used or possessed in
 connection with another felony." Further, there was a
 sufficient factual basis for that increase, given the
 inferences reasonably to be drawn from the circumstances of the
 surreptitious transfer of the guns for illegal drugs and money. 
 And, as defendant was aware of the guidelines and the facts
 relevant to his sentence, and the pre-sentence report
 specifically alerted him to the potential for an increase under
 2K2.1(b)(5), no additional notice was required of the
 district court's particular intention in that regard. SeeUnited States v. Canada, 960 F.2d 263, 266-67 (1st Cir. 1992). 
 3. No plain error appears as to the two points
 added to defendant's criminal history score based on his bail
 law violations. Even if defendant's new dispute about the 1992
 bail law violation had any merit, there is no dispute that the
 1990 violation itself warranted two points. There is no
 indication that the 1990 bail violation was counted twice. 
 Accordingly, we conclude that the two points properly were
 added, whatever the status of the 1992 violation. 
 4. Defendant's claim of ineffective assistance of
 counsel is not cognizable in this direct appeal. If defendant
 believes that he has a viable claim, he may raise it in a
 motion under 28 U.S.C. 2255.
 Affirmed. See 1st Cir. Loc. R. 27.1.