# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1276

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Thomas Lee Goldman, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 14, 2000

Filed: September 29, 2000

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

While on parole for an earlier state theft conviction, Thomas Lee Goldman was charged with and pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After his arrest on the § 922(g) charge, Goldman's parole was revoked and he was returned to state custody. The district court sentenced Goldman to 180 months on the § 922(g) charge and ordered, over the Government's objection, that the sentence run concurrently to Goldman's state sentence.

On appeal, the Government contends the district court committed error in ordering Goldman's federal sentence to run concurrently, rather than consecutively, to his state sentence. We agree. The applicable sentencing guideline provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5G1.3 (1998). Both parties concede subsection (a) does not apply to Goldman. Subsection (b) does not apply because Goldman's state theft conviction was not taken into account in determining his offense level on the § 922(g) charge. Thus, subsection (c) – the catch-all provision of § 5G1.3 – governs the question of whether Goldman's § 922(g) sentence should run concurrently or consecutively to his state sentence.

The broad discretion given the district court by § 5G1.3(c) to impose concurrent or consecutive sentences is limited in Goldman's case, however, by Application Note 6, which states:

<u>Revocations</u>.  If the defendant was on federal or state . . . parole . . . at the time of the instant offense, and has had such . . . parole . . . revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of . . . parole . . . in order to provide an incremental penalty for the violation of . . . parole . . . .  <u>See</u> § 7B1.3 (Revocation of Probation or Supervised Release) (setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed).

U.S.S.G. § 5G1.3 cmt. n.6.

Goldman argues Application Note 6 is merely advisory and not mandatory because it states Goldman's sentence on the § 922(g) charge "should be imposed to run consecutively" to his state sentence, rather than mandating that the two sentences "shall" run consecutively.  There is a split among the circuit courts of appeal that have considered the argument Goldman makes.  <u>Compare</u> <u>United States v. Alexander</u>, 100 F.3d 24, 26-27 (5th Cir. 1996) (per curiam) (rejecting argument); <u>United States v. Gondek</u>, 65 F.3d 1, 2-3 (1st Cir. 1995) (same); <u>United States v. Bernard</u>, 48 F.3d 427, 431 (9th Cir. 1995) (same) <u>with</u> <u>United States v. Maria</u>, 186 F.3d 65, 68-72 (2d Cir. 1999) (accepting argument).  Like most of the circuit courts of appeal that have considered the issue, we rejected Goldman's view of Note 6 in <u>United States v. Dungy</u>, No. 95-3997, 1996 WL 193150, at *1 (8th Cir. Apr. 23, 1996).  Although <u>Dungy</u> is an unpublished opinion, our panel must follow it as precedent.  <u>See</u> <u>Anastasoff v. United States</u>, No. 99-3917, 2000 WL 1182813, at *6 (8th Cir. Aug. 22, 2000) (portion of 8th Cir. R. 28A(i) that states unpublished opinions are not precedent is unconstitutional under Article III).  Only the en banc court can overturn the <u>Dungy</u> panel's opinion.  <u>See</u> <u>United States v. Polanco</u>, 53 F.3d 893, 896 (8th Cir. 1995).

We held in <u>Dungy</u> that notwithstanding the Sentencing Commission's use of the word "should" rather than "shall," Application Note 6 is mandatory and requires

consecutive sentences.  Id.; accord Alexander, 100 F.3d at 26-27; Gondek, 65 F.3d at 2-3; Bernard, 48 F.3d at 431.  Application Note 6 represents the Commission's decision about the appropriate incremental penalty for the conduct described in the Note.  See Dungy, 1996 WL 193150, at *1.  The situations the Note covers are similar to those covered in § 5G1.3(a), which requires consecutive sentencing, and the Note references § 7B1.3(f), which sets a policy of consecutive sentencing after the revocation of federal probation or supervised release.  See id.; see also United States v. Glasener, 981 F.2d 973, 975 (8th Cir. 1992) (reaching similar result for sentences imposed before enactment of Note 6, based in part on section 7B1.3(f)).

Because the district court should have ordered Goldman's § 922(g) sentence to run consecutively to his state sentence as required by Application Note 6, we reverse and remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.