IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30347
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY R. TYNER, also known as
Gregory R. Williams,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50023--ALL
- - - - - - - - - -
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gregory R. Tyner appeals his sentence for distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  He argues that pursuant to U.S.S.G. § 5G1.3(c), p.s., his sentence should have been ordered to run concurrently with a state sentence imposed upon revocation of his probation for the instant offense.  This argument is rejected on the basis of the commentary to § 5G1.3, which provides that if the defendant was on state parole or probation at the time of the instant offense and has had such parole or

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

probation revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of parole or probation in order to provide an incremental penalty for the violation of parole or probation. § 5G1.3, comment. (n.6). Tyner was on probation for the state offense when the instant offense occurred. A consecutive sentence was therefore mandatory. See United States v. Alexander, 100 F.3d 24, 27 (5th Cir. 1996); see also, United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996). Tyner's argument that he was prejudiced by the Government's delay in indicting him is meritless for the same reason, i.e., he was on state probation when he committed the instant offense, thus his sentences would have run consecutively under § 5G1.3, regardless of the timing of his indictment. § 5G1.3, comment. (n.6).

AFFIRMED.