IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21125
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WILLIAM REGIAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-110-1
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John William Regian appeals his sentence for possessing a firearm while under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1). Regian contends that the district court erred in ruling that it lacked discretion to order his federal sentences to run concurrently with his previously-imposed state sentence for probation violation. He argues that pursuant to U.S.S.G. § 5G1.3(c), the district court had discretion to order that the sentences run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regian concedes that his argument is foreclosed by <u>United States v. Alexander</u>, 100 F.3d 24 (5th Cir. 1996), but seeks to preserve the issue for Supreme Court review or possible en banc proceedings in this court. In <u>Alexander</u>, we held that U.S.S.G. § 5G1.3(c), comment. (n.6), sets forth a mandatory requirement for consecutive sentences, notwithstanding its use of the term "should." <u>See</u> <u>Alexander</u>, 100 F.3d at 26-27. Regian was on deferred adjudication probation for a state offense when the instant offense occurred, and his probation was revoked. A consecutive sentence was therefore mandatory. <u>See</u> <u>id.</u> at 27.

AFFIRMED.