# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3860

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Shawn M. Smith, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  November 16, 2001

Filed:  March 15, 2002

_____

Before LOKEN, LAY, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In early November 1999, Shawn M. Smith was arrested for selling crack cocaine while on parole from a state conviction for assault with a firearm.  The State of Nebraska revoked Smith's parole later that month, and he returned to prison with a tentative discharge date in October 2002.  He was then indicted and pleaded guilty to a federal charge of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Smith to 121 months in prison for this federal offense.  Observing that Smith had spent almost a year in state custody on the parole revocation sentence, the court ordered that his federal sentence be served concurrently with the remainder of his revocation sentence.  The United States

appealed, arguing the concurrent sentence is contrary to U.S.S.G. § 5G1.3(c), as construed in application note six and prior decisions of this court. Reviewing the district court's application of this guidelines provision *de novo*, see United States v. Roggy, 76 F.3d 189, 192 (8th Cir. 1996) (standard of review), we agree with the government's contention and reverse.

Section 5G1.3 governs the imposition of a federal sentence on a defendant who is subject to an undischarged prison term for another offense. Subsections (a) and (b) call for mandatory consecutive or concurrent sentences in two situations. Under § 5G1.3(a), if defendant committed the instant offense while serving a prison term for another offense, the new sentence must be consecutive to any undischarged term for that other offense. On the other hand, if (a) does not apply, and if the undischarged term resulted from an offense that is fully taken into account in determining defendant's guidelines offense level, § 5G1.3(b) provides that the new sentence must be concurrent with any undischarged term. Despite the parties' attempts to wedge this case into one of these mandatory pigeonholes, we conclude neither applies when the undischarged term is part of a parole revocation sentence. Rather, this case is governed by the catch-all provision in § 5G1.3(c):

> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The language of § 5G1.3(c) connotes discretion. It gives the sentencing court various options that it *may* impose to achieve a *reasonable* punishment. If the district court had that discretion in this case, the government must lose its appeal. The district court carefully considered the discharged and undischarged portions of Smith's revocation sentence in concluding that imposing a sentence concurrent with the undischarged portion was "a reasonable punishment for the instant offense." The

government does not argue that was an abuse of discretion. Instead, it argues that the discretion-giving language of § 5G1.3(c) does not apply in this case, because application note 6 to § 5G1.3 mandates consecutive sentences. That note provides:

> 6. <u>Revocations</u>. If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release. <u>See</u> § 7B1.3 (Revocation of Probation or Supervised Release) (setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed).

An initial question is whether this application note is binding on federal sentencing courts. Section 5G1.3(c) is a policy statement. A policy statement is binding if it "prohibits a district court from taking a specified action." <u>Williams v. United States</u>, 503 U.S. 193, 201 (1992). An application note is similarly binding unless it is plainly erroneous or conflicts with the Constitution, a federal statute, or the guideline it seeks to interpret. <u>See</u> <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993). Thus, if application note 6, properly construed, prohibits the district court from imposing concurrent sentences in this situation, it is binding.

Unfortunately, construing application note 6 has proved difficult. The problem lies in the phrase "*should* be imposed to run consecutively," which seems less mandatory than the term "*shall* be imposed" found in subsections 5G1.3(a) and (b). The first three circuits to consider the question in published opinions concluded that application note 6 is nonetheless mandatory, and therefore the new federal sentence must be made consecutive to the undischarged term of any state or federal parole revocation sentence. <u>See</u> <u>United States v. Alexander</u>, 100 F.3d 24, 26-27 (5th Cir.

1996); United States v. Gondek, 65 F.3d 1, 2-4 (1st Cir. 1995); United States v. Bernard, 48 F.3d 427, 431 (9th Cir. 1995). The First Circuit's analysis in Gondek was particularly exhaustive; it ended by suggesting that the Sentencing Commission "consider clarifying its intention." 65 F.3d at 4. In an unpublished decision issued a few months before the Fifth Circuit's decision in Alexander, this court agreed with the Gondek court's reasoning and concluded that the district court lacked discretion to impose concurrent sentences. United States v. Dungy, No. 95-3997, 1996 WL 193150 (8th Cir. Apr. 23, 1996).

The Sentencing Commission did not clarify application note 6, as Gondek suggested, and the Second Circuit later rejected the contrary decisions of its sister circuits and concluded that "should" in application note 6 does not mean "shall" and therefore note 6 does not mandate consecutive sentences. See United States v. Maria, 186 F.3d 65, 68-74 (2d Cir. 1999). After the decision in Maria, this court considered the question again and ruled in a published opinion that application note 6 does mandate the imposition of consecutive sentences. United States v. Goldman, 228 F.3d 942, 943-44 (8th Cir. 2000). The government argues Goldman is controlling. But perhaps not. The panel in Goldman considered itself bound by our prior unpublished decision in Dungy, because Goldman was decided after our panel decision in Anastasoff v. United States, 223 F.3d 898, 905 (8th Cir. 2000), which declared that unpublished opinions are binding precedent, but before Anastasoff was vacated by the Court en banc. See 235 F.3d 1054, 1056 (8th Cir. 2000).

We need not decide the interesting question whether Goldman is controlling precedent, because in any event we conclude that Dungy was correctly decided. In other words, we agree with Dungy that the First, Fifth, and Ninth Circuits have correctly construed application note 6 as mandating consecutive sentences, despite the comment's rather baffling use of the word "should." However, we also note that the Second Circuit's contrary textual analysis in Maria is not without force. Thus,

like the First Circuit in <u>Gondek</u>, we urge the Sentencing Commission to clarify its intention in note 6.

The judgment of the district court is reversed, and the case is remanded for resentencing.

LAY, Circuit Judge, dissenting.

The analysis made by the district court in this case is by far the most fair and equitable approach to this problem. The fundamental question is this: does the district court have the discretion to exercise its judgment as to whether Smith's subsequent sentence should be concurrent or consecutive. To order his federal sentence of 121 months consecutive to the approximately two years remaining on his state revocation sentence is unnecessarily punitive and makes little sense. Although the Sentencing Guidelines suggest a preference for the district court to make the sentence consecutive, by not using the word "shall" there is no question the Sentencing Commission has left discretionary room for the district court to do that which is fair and equitable under the circumstances. In the present case, I think the only opinion that makes any sense is that of the Second Circuit in <u>United States v. Maria</u>, 186 F.3d 65 (2d Cir. 1999), which acknowledges the problem and yet upholds the discretionary sentence by the district court in deciding that the sentence should be served concurrently. <u>See</u> <u>id.</u> at 70-72 (concluding "that where the Sentencing Commission chose the word 'should' instead of 'shall' or 'must,' the Commission meant what it said and said what it meant"). Our prior no argument, nonpublished opinion has no precedential value, and under the circumstances, it is certainly not binding upon this or any other court.

I do agree with the majority opinion that this is something the Sentencing Guideline Commission should rectify, but perhaps the Commission has chosen not to do so. The Commission has been requested to clarify this provision in other cases,

but has ignored such a suggestion. This strongly indicates to me that the Commission has decided to stay with the word "should," leaving discretionary room for the district court. After all, the district court understands the factual circumstances much better than this court or the Sentencing Guideline Commission.

This is not simply a semantical debate. It affects a long term sentence by the defendant. Such sentence is hardly based upon any penological goals or ideals. Under the circumstances, the district court should be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.