# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2789

_____

United States of America,    &ast;
              &ast;
     Appellee,   &ast; Appeal from the United States
            &ast; District Court for the Eastern
  v.        &ast; District of Missouri.
            &ast;
Jermaine Lammar Lathern,   &ast;   [UNPUBLISHED]
            &ast;
     Appellant.  &ast;

_____

Submitted:  January 15, 2003

Filed:  January 22, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jermaine Lammar Lathern was on probation for two state drug convictions when he was arrested for a third state drug violation. Eight days later, Lathern was arrested for being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1). Lathern pleaded guilty to violating his probations and to the third state drug charge. A state court revoked Lathern's two probations, did not grant him probation on the third drug charge, and sentenced him to serve all three state drug sentences concurrently. Lathern was later indicted for the federal weapons violation

and he pleaded guilty. The district court[*] sentenced Lathern to 57 months in prison and ordered Lathern to serve the sentence for the weapons violation consecutively to the two probation-related state drug sentences and concurrently with the third drug sentence. Lathern appeals his sentence, and we affirm.

Lathern contends the district court misapplied U.S. Sentencing Guideline §5G1.3 because his sentence for the weapons violation should run concurrently with–rather than consecutively to–his first two state sentences. We disagree. Having reviewed the district court's application of this guideline provision de novo, <u>United States v. Smith</u>, 282 F.3d 1045, 1046 (8th Cir. 2002), we agree with the district court and the parties that Lathern's sentence is governed by §5G1.3(c) rather than §5G1.3(a) or (b). We also agree with the district court that its sentencing discretion was clearly narrowed by application note six to §5G1.3. As interpreted by this Court, note six obligated the district court to impose a sentence consecutive to Lathern's undischarged terms of imprisonment for his two state probation revocation sentences. <u>Smith</u>, 282 F.3d at 1048; <u>United States v. Goldman</u>, 228 F.3d 942, 944 (8th Cir. 2000); <u>United States v. Moore</u>, 160 F.3d 509, 510-11 (8th Cir. 1998) (per curiam). Although Lathern concedes this is the law of our circuit, he asks the panel to reconsider the construction given note six by earlier panels that mandates the federal sentence must run consecutively to the terms imposed for the probation violations. This we decline to do because "[o]ne panel may not overrule another." <u>United States v. Reynolds</u>, 116 F.3d 328, 329 (8th Cir. 1997).

Additionally, Lathern contends that application note five to §5G1.3 trumps note six and gives the district court complete sentencing discretion. Again, we disagree. First, our holding in <u>Smith</u> makes clear that the discretionary language of §5G1.3(c) and note five does not apply to the prison terms imposed for probation

---

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

-2-

violations. Second, as we have discussed above, Lathern's federal sentence must run consecutively to the undischarged terms of his state probation revocation sentences. Third, because Lathern's third state sentence was a straight sentence and not a probation revocation, the district court properly exercised its discretion and ordered that Lathern's federal sentence run concurrently with his third state sentence. Even if we conducted the review sought by Lathern, though, our result would be the same. In keeping with the underlying purpose of §5G1.3, see Witte v. United States, 515 U.S. 389, 404 (1995), Lathern's partially consecutive and partially concurrent sentence "approximate[s] the total penalty that would have been imposed had the sentences . . . been imposed at the same time." Id. Consistent with our holding in Smith, we believe the district court properly used §5G1.3(c)'s flexibility to impose a sentence that, first, achieved a reasonable punishment for the federal offense, second, provided an incremental penalty for Lathern's state probation violations, and third, avoided duplicative punishment by running the federal sentence concurrently with the state sentence on Lathern's third drug charge. We thus affirm Lathern's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-