# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1732

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Corey E. Turner, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: February 6, 2003
Filed: February 10, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Corey Turner pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to 37 months imprisonment--to run consecutively to a state sentence imposed after a parole revocation--and 3 years supervised release. On appeal, Turner argues that the district court should have imposed a concurrent sentence under U.S.S.G. § 5G1.3(c), p.s.; that section 5G1.3(b) required imposition of a concurrent sentence; and that the instant offense was not the basis for his parole revocation. He also argues that the district

_____

[1]The HONORABLE CAROL E. JACKSON, Chief Judge, United States District Court for the Eastern District of Missouri.

court violated Federal Rule of Criminal Procedure 11 by failing to inform him of the possibility of a consecutive sentence before accepting his plea, and failed to inform him of the right to withdraw his plea. Upon careful review of the record, we affirm.

Under the circumstances present here, the Guidelines required imposition of a consecutive sentence. See U.S.S.G. § 5G1.3, comment. (n.6) (if defendant was on state parole at time of instant offense and has had such parole revoked, sentence for instant offense should be imposed to run consecutively to term imposed for parole violation); United States v. Smith, 282 F.3d 1045, 1047-48 (8th Cir. 2002) (application note 6 mandates that federal sentence run consecutively to undischarged term of imprisonment imposed as result of parole revocation). Section 5G1.3(b) does not apply because the undischarged term of imprisonment was not taken into account in calculating Turner's offense level, and application note 6 does not specifically require that the instant offense be the basis for the parole revocation. Furthermore, the district court did not violate Rule 11, and Turner did not have an absolute right to withdraw his guilty plea. See United States v. Burney, 75 F.3d 442, 444-45 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.