# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3828

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Alfred E. Murphy, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2003

Filed:  May 22, 2003

_____

Before WOLLMAN and BEAM, Circuit Judges, NANGLE,[1] District Judge.

_____

PER CURIAM.

Alfred E. Murphy, Jr. pled guilty to being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).  He received a sentence of 110 months, to run consecutively with one state prison sentence and concurrently with a second state prison sentence.  Murphy appeals the portion of his sentence mandating that it run consecutively with the first state prison sentence.  We affirm.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

There are two state sentences relevant to this case. The first sentence is a fifteen-year sentence from a felony charge of possession of a controlled substance with the intent to distribute entered on March 11, 1998, case number 33R019800087. Murphy's sentence was suspended and he was placed on five years' probation.

On December 11, 2001, Murphy was sentenced to ten years for possession of a controlled substance with intent to distribute by the state court, case number 01CR744908-01. This charge resulted in the revocation of the first suspended sentence, and the original fifteen-year sentence was ordered to be executed consecutive to the ten-year state sentence.

Murphy pled guilty to the federal charge of possessing a firearm as a felon on August 12, 2002. At the sentencing hearing, Murphy requested that his federal sentence be imposed concurrently to the state sentences from both cases mentioned above. The district court[2] sentenced Murphy to 110 months' imprisonment, to be served consecutively to the first Missouri term of imprisonment from case number 33R019800087, and concurrently with the second sentence from case number 01CR744908-01. Murphy appeals this sentence, employing two arguments.

First, Murphy argues that the district court erred in determining that his federal sentence must be served consecutively to the undischarged term of imprisonment in case number 33R019800087 because United States Sentencing Guidelines Manual § 5G1.3(c) ("U.S.S.G.") provided the district court with the discretion to impose the sentence concurrently or consecutively. Unfortunately, Murphy's argument must fail because an Eighth Circuit panel already decided in United States v. Smith, 282 F.3d 1045, 1048 (8th Cir. 2002), that application note 6 to § 5G1.3 mandates a consecutive sentence in circumstances like Murphy's. While we noted in Smith that United States

---

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

v. Maria, 186 F.3d 65 (2d Cir. 1999), decided that application note 6 does not mandate consecutive sentences, we instead followed the First, Fifth and Ninth Circuits' holdings that it did mandate consecutive sentences. Smith, 282 F.3d at 1048. We urged the Sentencing Commission to clarify its intention in application note 6 in Smith, id., but since they have not, we are bound by the previous panel's decision and cannot overturn it except on en banc review. United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000).

Murphy also argues that the district court erred in determining that his sentence in this case must be served consecutively to the sentence in case number 33R019800087, because U.S.S.G. § 5G1.3, cmt. n.5, provided the sentencing court the discretion to override application note 6's mandatory requirement. This is so, Murphy argues, because he was subject to multiple undischarged terms of imprisonment which called for the application of different rules. The panel in United States v. Lathern, 59 Fed. Appx. 167, 168 (8th Cir. 2003) (unpublished opinion), determined that application note 5 does not trump application note 6 in this manner. Thus, Murphy's second claim must also fail.

For the reasons stated above, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-