# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1232

_____

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff-Appellee,　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Scott Kennedy,　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　**[UNPUBLISHED]**
　　　　　　Defendant-Appellant.　　　*

_____

Submitted:  September 10, 2003

Filed:  September 23, 2003

_____

Before MELLOY, LAY, and SMITH, Circuit Judges.

_____

PER CURIAM.

This case arises under a one count indictment charging the Defendant, Scott Kennedy, a prior felon, with the knowing possession of a Harrington and Richardson, Model 642, .22 caliber revolver in violation of 18 U.S.C. § 922(g)(1).

On October 7, 2002, the Defendant entered a plea of guilty.  He was sentenced to a term of sixty-three months in the custody of the United States Bureau of Prisons. The sentence was ordered to be served consecutively to the Defendant's undischarged

term of imprisonment in Pemiscot County, Missouri, Case No. CR598-754FX,[1] and concurrently with two other undischarged terms of imprisonment, one in Pemiscot County, the other in Dunklin County, Missouri.

The sole issue on appeal relates to the district court's order that the Defendant serve his term consecutively to his undischarged term in Pemiscot County Case No. CR598-754FX. The Defendant asserts that based upon application note 6 of United States Sentencing Guidelines § 5G1.3, his sentence should not run consecutively to the term imposed for the violation of his probation. The Defendant asserts that the district court had discretion to impose a sentence to run concurrently with the state sentence.

This issue has been passed upon in several cases in this circuit. We have consistently held that the language of application note 6 is mandatory. See United States v. Lathern, No. 02-2789, 2003 WL 145638 (8th Cir. Jan. 22, 2003); United States v. Smith, 282 F.3d 1045, 1048 (8th Cir. 2002); United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000); United States v. Dungy, No. 95-3997, 1996 WL 193150 (8th Cir. April 23, 1996). Several other circuits have reached the same conclusion. See United States v. Reyes-Lugo, 238 F.3d 305, 309-10 (5th Cir. 2001); United States v. Gondek, 65 F.3d 1, 2-3 (1st Cir. 1995); United States v. Bernard, 48 F.3d 427, 430-32 (9th Cir. 1995); But see United States v. Maria, 186 F.3d 65, 70-74 (2d Cir. 1999) (holding that the Guidelines did not strip the sentencing court of its discretion to impose a concurrent sentence).[2]

---

[1]The execution of the sentence in this case was originally suspended and the Defendant was placed on probation. Following his arrest for the instant offense, however, this probation was revoked.

[2]Judge Lay in Smith, 282 F.3d at 1048, stated in dissent:

Although the Sentencing Guidelines suggest a preference for the district court to make the sentence consecutive, by not using the word "shall"

As acknowledged by both the Defendant and the Government, it is axiomatic that a panel of this court may not overturn the opinion of another panel. See Goldman, 228 F.3d at 944. On this basis, we reject the Defendant's challenge to this court's previous interpretation of the United States Sentencing Guidelines.

The judgment and sentence of the district court is hereby affirmed. See 8th Cir. R. 47B.

_____

there is no question the Sentencing Commission has left discretionary room for the district court to do that which is fair and equitable under the circumstances. In the present case, I think the only opinion that makes any sense is that of the Second Circuit in United States v. Maria . . . .