**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael THRONEBURG, Defendant–Appellant.**

No. 95–2219.

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1996.

Decided July 3, 1996.

---

Eric M. Straus, Asst. U.S. Atty. (argued and briefed), Detroit, MI, for plaintiff-appellee.

David C. Tholen (argued and briefed), Federal Public Defenders Office, Detroit, MI, for defendant-appellant.

Before: JONES, NELSON, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Defendant, Michael Throneburg, committed a number of violations of the terms of his supervised release, and the district court sentenced him to an additional twenty-four months of imprisonment to be served after the expiration of an undischarged state sentence. On appeal, defendant concedes that he violated the terms of his supervised release but argues that the district court abused its discretion in two respects: first, in not conducting a violation hearing within a reasonable time; and second, by imposing a consecutive rather than a concurrent sentence. Neither claim has merit.

Following his federal conviction in 1989, defendant received a sentence of thirty months' imprisonment to be followed by three years of supervised release. He began serving his supervised release on March 15, 1993, and within several months was arrested on a state charge for carrying a concealed

weapon. On November 17, 1993, the district court issued a supervised release violation warrant at the request of a probation officer.

Nearly two years later, while defendant was still in state custody, the United States Attorney filed a petition for a writ of habeas corpus ad prosequendum, seeking defendant's attendance at a supervised release violation hearing. That hearing was conducted in October 1995, and the district court concluded that defendant had violated the terms of his supervised release by committing another crime, leaving the district without prior approval, failing to report to his probation officer, and failing to refrain from use of alcohol or drugs. The district court then sentenced defendant to twenty-four months' imprisonment to be served after he completed his state sentence.

A district court may, upon the finding of violation of supervised release, order a defendant to serve "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release...." 18 U.S.C.A. § 3583(e)(3) (West Supp.1996). According to Fed.R.Crim.P. 32.1(a)(2), "[t]he revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction." The statute governing supervised release provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release ... extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C.A. § 3583(i) (West Supp.1996).

In this case, the warrant issued well within the term of supervised release, and even the belated hearing fell within the three-year term.

■ Defendant argues that he has suffered prejudice from the delay because "[h]ad the federal warrant been executed earlier and resulted in imposition of the 24 month sentence, the Michigan Department of Corrections would likely have paroled Defendant to the federal sentence."

■ A similar argument was considered and rejected by the Court of Appeals for the Fifth Circuit in *United States v. Tippens,* 39 F.3d 88 (5th Cir.1994). The underlying facts at issue in *Tippens* are remarkably similar to those found in this case. There, defendant violated supervised release by committing a state crime, and a thirty-month delay occurred before the execution of the violator's warrant. Nonetheless, the court rejected the contention that the defendant's rights were violated because a speedier execution of the warrant might have allowed him to serve the state and federal sentences concurrently. We agree with that court's holding that the defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation. Here, defendant suffered no prejudice. As for his violating other conditions of his supervised release, by committing another criminal offense and leaving the jurisdiction without approval, the government introduced state court conviction records and Tennessee arrest records. Defendant made no proffer of evidence that would tend to prove he did not commit those violations, nor did he then, or on appeal, maintain that the delay prevented his introducing such proof. He admitted he had violated two of the conditions of his supervised release. He cites no authority for the proposition that a delay that may affect one's ability to serve sentences concurrently either implicates due process or violates the provisions of 18 U.S.C.A. § 3583(i).[1]

■ Finally, defendant argues that the district court abused its discretion by imposing a consecutive sentence for his violation of

---

1. We also note that defendant failed to raise the issue of whether his violation hearing complied with the "reasonable time" provision of Fed. R.Crim.P. 32.1 to the district court, which accounts for the absence of any finding by the trial judge on this point.

854

supervised release. With respect to a violation of supervised release, the court is to look to the "applicable guidelines or policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3553(a)(4)(B) (West Supp.1996).

Defendant concedes that the policy statement found in U.S.S.G. § 7B1.3 provides:

> Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f), p.s.

This court has held that the policy statements, such as the one just cited, are not binding upon a district court. *United States v. Sparks*, 19 F.3d 1099 (6th Cir.1994). However, there is nothing in the record to indicate that the district court believed that it had no alternative but to impose a consecutive sentence. On the contrary, the district court took pains to explain why it chose to run the federal sentence consecutively. Given the circumstances, defendant has not established an abuse of discretion.

For the reasons stated, the order of the district court is **AFFIRMED.**