101 F.3d 680
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Douglas M. BURKE, Defendant, Appellant.
 No. 96-1526.
 United States Court of Appeals, First Circuit.
 Dec. 2, 1996.
 
 Bjorn Lange, Assistant Federal Defender, on Anders brief.
 Douglas M. Burke on brief pro se.
 Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on Motion for Summary Disposition for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1991, defendant Douglas Burke was convicted in federal court on counterfeiting charges and later sentenced to 28 months in prison and three years of supervised release. In 1995, while on supervised release, he was arrested on state fraud charges. Upon his plea of guilty to such charges, the state court sentenced him to a term in state prison. In turn, after finding that defendant had thereby violated the conditions of his supervised release, the federal court revoked his release status and sentenced him to a consecutive, 24-month term in federal prison. The validity of this latter sentence is the sole issue on appeal. Defendant's counsel, voicing the belief that the appeal presents no nonfrivolous issues, has filed a motion to withdraw accompanied by an Anders brief; the government, espousing the same view, has moved for summary disposition. Defendant has filed a pro se brief and an opposition to the government's motion.
 
 
 2
 We agree that the appeal is frivolous. That defendant violated the conditions of his supervised release is not disputed, and the sentence imposed was within the governing statutory and guideline ranges. See 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). The sole contention advanced in defendant's pro se brief--that the federal court relied on false information--is misplaced. The record reveals that the state court did, in fact, base its sentence partly on the expectation that further imprisonment would result from the federal proceedings. That such expectation was not memorialized in the plea agreement is of no moment; the matter was brought to the state court's attention prior to the imposition of sentence. And the federal court was not advised (contrary to defendant's suggestion) that the plea agreement itself referred to the matter.
 
 
 3
 In turn, while we express no opinion on the parties' shared assertion that U.S.S.G. § 7B1.3(f), with its call for consecutive sentencing, is binding on the lower court, see, e.g., United States v. Throneburg, 87 F.3d 851, 854 (6th Cir.), cert. denied, 65 U.S.L.W. 3341 (1996); United States v. Caves, 73 F.3d 823, 824 (8th Cir.1996) (per curiam); United States v. Hill, 48 F.3d 228, 230-32 (7th Cir.1995); see also United States v. O'Neil, 11 F.3d 292, 301 n. 11 (1st Cir.1993); compare, e.g., United States v. Alexander, --- F.3d ----, 1996 WL 656094 (5th Cir.1996) (discussing § 5G1.3 n. 6); United States v. Gondek, 65 F.3d 1, 2 (1st Cir.1995) (same), the matter is without significance here. The record does not suggest that the district court believed it had no alternative but to impose a consecutive sentence. See, e.g., Throneburg, 87 F.3d at 854. Compare United States v. Sparks, 19 F.3d 1099, 1100-01 (6th Cir.1994). Imposition of a consecutive sentence was obviously warranted under the circumstances--particularly given the rationale for the state court sentence. And defendant acknowledged below that a consecutive sentence was appropriate.
 
 
 4
 Defense counsel's motion to withdraw is granted, appellee's motion for summary disposition is granted, and the judgment is affirmed.