USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1526 UNITED STATES, Appellee, v. DOUGLAS M. BURKE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Bjorn Lange, Assistant Federal Defender, on Anders brief. ___________ ______ Douglas M. Burke on brief pro se. ________________ Paul M. Gagnon, United States Attorney, and Peter E. Papps, First ______________ ______________ Assistant United States Attorney, on Motion for Summary Disposition for appellee. ____________________ December 2, 1996 ____________________ Per Curiam. In 1991, defendant Douglas Burke was ___________ convicted in federal court on counterfeiting charges and later sentenced to 28 months in prison and three years of supervised release. In 1995, while on supervised release, he was arrested on state fraud charges. Upon his plea of guilty to such charges, the state court sentenced him to a term in state prison. In turn, after finding that defendant had thereby violated the conditions of his supervised release, the federal court revoked his release status and sentenced him to a consecutive, 24-month term in federal prison. The validity of this latter sentence is the sole issue on appeal. Defendant's counsel, voicing the belief that the appeal presents no nonfrivolous issues, has filed a motion to withdraw accompanied by an Anders brief; the government, ______ espousing the same view, has moved for summary disposition. Defendant has filed a pro se brief and an opposition to the government's motion.  We agree that the appeal is frivolous. That defendant violated the conditions of his supervised release is not disputed, and the sentence imposed was within the governing statutory and guideline ranges. See 18 U.S.C. 3583(e)(3); ___ U.S.S.G. 7B1.4(a). The sole contention advanced in defendant's pro se brief--that the federal court relied on false information--is misplaced. The record reveals that the state court did, in fact, base its sentence partly on the -2- expectation that further imprisonment would result from the federal proceedings. That such expectation was not memorialized in the plea agreement is of no moment; the matter was brought to the state court's attention prior to the imposition of sentence. And the federal court was not advised (contrary to defendant's suggestion) that the plea agreement itself referred to the matter.  In turn, while we express no opinion on the parties' shared assertion that U.S.S.G. 7B1.3(f), with its call for consecutive sentencing, is binding on the lower court, see, ___ e.g., United States v. Throneburg, 87 F.3d 851, 854 (6th ____ _____________ __________ Cir.), cert. denied, 65 U.S.L.W. 3341 (1996); United States _____________ _____________ v. Caves, 73 F.3d 823, 824 (8th Cir. 1996) (per curiam); _____ United States v. Hill, 48 F.3d 228, 230-32 (7th Cir. 1995); _____________ ____ see also United States v. O'Neil, 11 F.3d 292, 301 n.11 (1st ________ _____________ ______ Cir. 1993); compare, e.g., United States v. Alexander, ___ _______ ____ _____________ _________ F.3d ___, 1996 WL 656094 (5th Cir. 1996) (discussing 5G1.3 n.6); United States v. Gondek, 65 F.3d 1, 2 (1st Cir. 1995) _____________ ______ (same), the matter is without significance here. The record does not suggest that the district court believed it had no alternative but to impose a consecutive sentence. See, e.g., ___ ____ Throneburg, 87 F.3d at 854. Compare United States v. Sparks, __________ _______ _____________ ______ 19 F.3d 1099, 1100-01 (6th Cir. 1994). Imposition of a consecutive sentence was obviously warranted under the circumstances--particularly given the rationale for the state -3- court sentence. And defendant acknowledged below that a consecutive sentence was appropriate.  Defense counsel's motion to withdraw is granted, ________________________________________________________ appellee's motion for summary disposition is granted, and the _____________________________________________________________ judgment is affirmed. _____________________ -4-