110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven J. BANKS, Defendant-Appellant.
 No. 95-4362.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1997.
 
 Before: KEITH, KENNEDY and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 After pleading guilty to possession of a firearm by a convicted felon, defendant was sentenced to twenty-four months in prison, the low end of the Sentencing Guidelines, to be followed by three years supervised release. The twenty-four month sentence was ordered to be served concurrently with a state sentence defendant was serving.
 
 
 2
 Defendant commenced his three years of supervised release after release from prison. While on supervised release, defendant pled guilty to a state charge of drug abuse, a fourth degree felony. Defendant's supervision was revoked after a hearing at which he admitted the violation. Defendant was advised before he admitted the violation that a sentence could be imposed consecutive to his state sentence for that charge. The state sentence would result in approximately two years of incarceration.
 
 
 3
 The Sentencing Guidelines call for a sentence of thirty-three to forty-one months upon revocation of supervised release with defendant's criminal history. However, the maximum sentence for defendant's violation of supervised release is twenty-four months, the sentence imposed by the District Court. The court imposed the sentence to run consecutively. The court explained it had imposed the initial sentence to run concurrently because defendant indicated that he wanted to get help for his drug problem. The problem was not solved and the court felt society needed to be protected from defendant.
 
 
 4
 Defendant first asserts that, because his two sentences added together were above the Guideline range for his offense, his sentence is improper. We rejected this argument in United States v. Stephenson, 928 F.2d 728, 730-31 (6th Cir.1991) and United States v. Reese, 71 F.3d 582, 588 (6th Cir.1995). The revocation of supervised release is governed by 18 U.S.C. § 3583(e)(3). Under this section, the District Court has discretion to resentence the defendant for any period up to the whole period of supervised release with certain limiting exceptions.
 
 
 5
 We also reject defendant's argument that the court improperly ordered the sentence to be served consecutive to his undischarged state sentence. We review the District Court's decision for an abuse of discretion. United States v. Throneburg, 87 F.3d 851, 854 (6th Cir.1996). The policy statement found in U.S.S.G. § 7B1.3(f) specifically provides that "[a]ny term of imprisonment imposed upon the revocation of ... supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of ... supervised release." U.S.S.G. § 7B1.3(f).
 
 
 6
 While the policy statements are not binding on the District Court, they clearly form a basis on which to rest its discretion. Further, the circumstance of defendant's extensive criminal history and the relatively short time he was on supervised release provide more than an adequate basis for the District Court's sentence.
 
 
 7
 The judgment of the District Court is AFFIRMED.