[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1975

 UNITED STATES,

 Appellee,

 v.

 ANGEL C. HURTADO-ARAUJO,
 A/K/A MARCELINO MICOLTA QUINTERO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Lynch, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Angel Cecilio Hurtado Araujo on brief pro se.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Michelle Morales, Assistant
United States Attorney, on brief for appellee.

June 8, 1999

 Per Curiam. Appellant Angel Cecilio Hurtado-Araujo
appeals from the denial of his request for a prompt probation-
revocation hearing. In that motion, appellant relied solely on
the Interstate Agreement on Detainers Act. See 18 U.S.C. App. 
Yet that enactment does not apply to detainers based on
probation-violation charges. See Carchman v. Nash, 473 U.S.
716 (1985). We add that appellant's principal concern--that he
will lose the opportunity to be sentenced to a concurrent
prison term--is largely misplaced in any event. Although
U.S.S.G. 7B1.3(f) calls for a consecutive sentence in this
context, that provision is "advisory rather than mandatory." 
United States v. O'Neil, 11 F.3d 292, 301 n.11 (1st Cir. 1993);
accord, e.g., United States v. Throneburg, 87 F.3d 851, 854 (6th
Cir. 1996). The possibility of appellant receiving a
concurrent sentence once the revocation hearing is held thus
cannot be excluded. We of course intimate no view as to the
appropriateness of any such sentence.
 Affirmed. See Loc. R. 27.1.