*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0021P (6th Cir.)
File Name: 02a0021p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

SAMUEL RODGER RALEIGH,
  *Defendant-Appellant.*

No. 00-1107

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-80218—Lawrence P. Zatkoff, Chief District Judge.

Argued: May 4, 2001

Decided and Filed: January 17, 2002

Before: JONES and DAUGHTREY, Circuit Judges;
ECONOMUS, District Judge.*

_____

**COUNSEL**

**ARGUED:** David C. Tholen, FEDERAL PUBLIC
DEFENDERS OFFICE, Detroit, Michigan, for Appellant.
Kenneth R. Chadwell, Jr., ASSISTANT UNITED STATES

_____

*The Honorable Peter C. Economus, United States District Judge for
the Northern District of Ohio, sitting by designation.

1

ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** David C. Tholen, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Kenneth R. Chadwell, Jr., ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

————————————

**OPINION**

————————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. Pursuant to a plea agreement with the government, the defendant, Samuel Raleigh, pleaded guilty in federal court to possession of a stolen firearm, in violation of 18 U.S.C. § 922(g). He now appeals the district court's imposition of a sentence that (1) included an enhancement because the weapon was stolen and (2) was ordered to run consecutively to Raleigh's outstanding state sentences. Raleigh insists that the enhancement amounted to "double counting" and that consecutive sentencing in this case was legally improper. We find no error and affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The record indicates that officers of the Sterling Heights Police Department arrested defendant Raleigh and his accomplice, Lori Boggs, after they were observed leaving the scene of a home burglary. The officers recovered several items from Raleigh, including cash and video equipment. During interrogation following arrest, Boggs informed officers that she and Raleigh had burglarized another home on the previous day, at which time Raleigh had stolen a rifle and a radio that were then stored in their hotel room, and had broken into some 50-75 other homes in the area. Law enforcement authorities executed a search warrant at the hotel and seized several items from Raleigh's room, including a .22 caliber rifle.

Because Raleigh had absconded from his state parole less than a month before his arrest in this case and had committed

### *CONCLUSION*

For the reasons set out above, we find no error in the imposition of sentence in this case and, therefore, we AFFIRM the judgment of the district court.

*See id*. Section 3584 authorizes a district court to impose consecutive sentences, and it provides, as mentioned in Note 3, that the sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a), including "the history and characteristics of the defendant" and "the need for the sentence imposed . . to protect the public from further crimes of the defendant."

The record indicates that Raleigh had at least ten prior convictions in state court, including convictions for being both a "habitual offender" and a "habitual second offender," and almost a dozen additional arrests. The district judge stated during the sentencing hearing that "absent the provisions of [§ 5G1.3(a)], [he] would have made [the] sentence consecutive . . . based on the very long and extensive criminal history of Raleigh." The judge also noted the prosecutor's submission that if the government had insisted on a plea to the indictment's charge of felon in possession of a firearm, Raleigh's prior crimes of violence, particularly his repeated convictions for the burglary of occupied dwellings, would have subjected him to the status of career criminal under 18 U.S.C. § 924(e) and, hence, the 15-year minimum sentence mandated by § 924(e).

In our judgment, the factors enumerated above -- on balance -- support the district court's conclusion that Raleigh's federal sentence should run consecutively to his state burglary sentence. Although Raleigh pointed to his heroin addiction as justification for his criminal record, he has committed a number of serious offenses that produced an extensive criminal history demonstrating unchecked recidivism. Moreover, the government exercised leniency in choosing not to subject Raleigh to § 924(e)'s 15-year mandatory minimum sentence, perhaps in recognition that a 96-month federal sentence imposed to run consecutively to his state sentences would provide appropriate punishment for Raleigh's offenses. In any event, the district judge followed the guidelines and sentenced the defendant within the strictures of the plea agreement. We simply cannot say that the court abused its discretion in so doing.

the previously-mentioned home burglaries while on parole status, the State of Michigan returned him to state prison as a parole violator, to finish serving his original sentence. Subsequently, Raleigh pleaded guilty to aggravated burglary ("second degree home invasion") in state court and was sentenced as a recidivist, with a term of incarceration to be served consecutively to the sentence he was serving following his parole revocation.

A federal grand jury later indicted Raleigh for violation of 18 U.S.C. § 922(g), felon in possession of a firearm, and violation of 18 U.S.C. § 922(j), possession of a stolen firearm, based on the officers' seizure of the stolen rifle during their search of Raleigh's hotel room. Pursuant to a plea agreement, Raleigh pleaded guilty to the stolen firearm charge in exchange for the government's recommendation of a sentence of incarceration not to exceed 96 months and dismissal of the felon-in-possession charge.

At the sentencing hearing, Raleigh objected to two parts of the district court's sentencing order. First, after determining that the base offense level for Raleigh's offense was 24, based on at least two prior felony convictions for crimes of violence, the district court invoked U.S.S.G. § 2K2.1(b)(4) and applied a two-level enhancement for possession of a stolen firearm. Thereafter, the district court decreased Raleigh's offense level three levels based on acceptance of responsibility and, after finding a criminal history category of VI and, thus, a sentencing range of 92 -115 months, the court imposed a 96-month sentence, the maximum allowed under the plea agreement. Furthermore, pursuant to U.S.S.G. § 5G1.3, the district court ordered the federal term to run "consecutive to any state sentence" that Raleigh was serving. The defendant now appeals the enhancement under § 2K2.1 and the order of consecutive sentencing.

## DISCUSSION

### A.  Standard of Review

We review legal conclusions regarding application of the guidelines *de novo*.  *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997).  By contrast, the district court's factual findings in relation to application of the guidelines are subject to the deferential "clearly erroneous" standard of review.  *Id*.  A finding of fact will be deemed clearly erroneous only when, despite some evidence to support the finding, we are left with the definite and firm conviction that a mistake has been committed, based on a review of the record as a whole.  *Id*.

### B.  Stolen Firearm Enhancement

Raleigh's challenge to the district court's application of the two-level stolen firearm enhancement to his base offense level is predicated upon his argument that application  of U.S.S.G. § 2K2.1(b)(4)to the facts of this case constitutes an impermissible "double counting."  He notes that he not only was convicted for possession of a *stolen* firearm, in violation of § 922(j), but that the guideline also calls for a two-level increase if the firearm in question was "*stolen*, or had an altered or obliterated serial number." (Emphasis added.)

Although this argument would appear, at least superficially, to have some merit, it is foreclosed by the plain language of U.S.S.G. § 2K2.1, cmt. n. 12 (emphasis added):

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), *(j)*, or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number.  This is because the base offense level takes into account that the firearm or ammunition was stolen.

burglary as an aggravating factor that affects the calculation of a defendant's base offense level.  Indeed, in its delineation of the base offense levels for "unlawful receipt, possession, or transportation of firearms" and "prohibited transactions involving firearms," § 2K2.1 does not take into account the method of receiving firearms.  Furthermore, even if burglary were relevant conduct for purposes of determining a defendant's base offense level under § 2K2.1, the record does not reveal whether Raleigh was convicted of the burglary that resulted in his possession of the stolen firearm or of the burglary that occurred the next day and resulted in his arrest by law enforcement officers.  Obviously, the latter burglary was wholly unrelated to his possession of the stolen firearm.

As a consequence, the district court's authority to impose a consecutive sentence in this case falls under the discretion accorded the court by § 5G1.3(c).  Under that provision, the sentencing court is authorized to impose a sentence concurrently, partially concurrently, or consecutively, after determining what would be required to "achieve a reasonable punishment and avoid unwarranted disparity."  U.S.S.G. § 5G1.3, cmt. n. 3.  In doing so,

> . . .the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:
>
> (a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;
>
> (b) the time served on the undischarged sentence and the time likely to be served before release;
>
> (c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
>
> (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

fact that the district court also invoked Note 6 to § 5G1.3, which provides:

> *Revocations*.  If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S.S.G. § 5G1.3, cmt. n. 6.  We hold that this provision controls the sentencing determination here.  It follows that the district court was correct in ordering service of the sentence in this case consecutive to the undischarged term of imprisonment resulting from Raleigh's violation of parole.

There nevertheless remains the question whether the district court erred in ordering consecutive rather than concurrent sentencing with regard to the state burglary conviction. Raleigh contends that concurrency is required under U.S.S.G. § 5G1.3(b), which is applicable when the defendant's conduct that was the basis for the earlier conviction is "relevant conduct."  That question in turn depends upon application of U.S.S.G. § 1B1.3, which governs calculation of the base offense level for the subsequent conviction.  *See* U.S.S.G. § 5G1.3, cmt. n. 2.  Under § 1B1.3(a)(1)(A), the base offense level (where the guideline specifies more than one base offense level) must be determined on the basis of all acts committed by the defendant.

Thus, the sentencing court must determine whether Raleigh's conduct underlying his state conviction for burglary was taken into account in calculating the base offense level for his conviction for possession of a stolen firearm.  We conclude, after examining the various base offense levels for § 2K2.1, that burglary is not conduct "fully taken into account in the determination of the offense level" for possession of a stolen firearm.  Significantly, § 2K2.1 does not include

The district court determined Raleigh's base offense level under subsection (a)(4), not (a)(7), and because the language of the commentary requires conviction under § 922(j) *and* a base level determination under subsection (a)(7), the exception contained in Note 12 does not apply to Raleigh's offense.

We have recently spoken to the effect of § 2K2.1 and Note 12 in *United States v. Hurst*, 228 F.3d 751 (6th Cir. 2000), in which we held that the Note 12 exception to the § 2K2.1(b)(4) enhancement did not apply, because of its plain language, to a defendant who was convicted as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and whose base offense level was determined under § 2K2.1(a)(4). Two other circuits have reached the same conclusion in cases involving facts similar to those in this case. *See United States v. Brown*, 169 F.3d 89 (1st Cir. 1999) (applying enhancement to a defendant convicted of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), whose base offense level was determined under § 2K2.1(a)(4)); *United States v. Turnipseed*, 159 F.3d 383 (9th Cir. 1998) (same).  In *Brown*, the First Circuit noted:

> Brown claims that the district court "double-counted" the stolen nature of the firearm by calculating his base offense level under § 2K2.1 because he pled guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and then enhancing that offense level with § 2K2.1(b)(4) because the firearm was stolen. . . .

> [However,] Sentencing Guideline § 2K2.1 encompasses offenses involving:  (1) the unlawful receipt, possession, or transportation of firearms or ammunition, and (2) prohibited transactions involving firearms or ammunition.  It is not necessary that the firearms involved were stolen for the defendant to be sentenced under § 2K2.1.  Thus, it cannot be said that the district court considered the stolen nature of the firearm by sentencing [defendant] under the broad § 2K2.1 sentencing guideline.

It is clear that a sentencing court takes into account whether the firearm was stolen when a defendant is convicted of possession of a stolen firearm under § 922(j) and the court calculates the defendant's base offense level under subsection (a)(7). *See* Commentary 12, U.S.S.G. § 2K2.1. Subsection (a) provides eight categories for calculating the base offense level applicable to offenses covered under § 2K2.1. Subsections (a)(1)-(a)(6) provide six different base offense levels for different combinations of three aggravating factors: (1) whether a type of particularly dangerous firearm was involved; (2) the defendant's criminal history; and (3) whether the defendant is a "prohibited person." If none of those factors is present, the defendant is given a base offense level under either subsection (a)(7) or (a)(8). The lower base offense level of the two is prescribed under subsection (a)(8), which is applicable for certain transportation or record-keeping violations which need not involve stolen firearms. Subsection (a)(7) provides a higher base offense level for all other offenses, including possession of a stolen firearm in violation of § 922(j). Therefore, for an individual convicted under § 922(j), if none of the aggravating factors applies, the sentencing court's application of the higher base offense level of subsection (a)(7) takes into account the stolen nature of the firearm.

As did the First Circuit in *Brown*, we conclude that the district court did not err in determining that a two-level increase was appropriate in this case.

## C. Consecutive Sentence Determination

In his second assignment of error, Raleigh contends that the district court erred in ordering his federal sentence to run consecutively to his state sentences. Under well-settled circuit precedent, we will not set aside such a determination by the district court unless we conclude that an abuse of discretion has occurred. *See United States v. Devaney*, 992 F.2d 75, 77 (6th Cir.1993). The sentencing guidelines confer

upon the district court the discretion to impose a consecutive sentence "to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). We have held that a district court is acting within its discretion as long as it "makes generally clear the rationale under which it has imposed the consecutive sentences and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir.1998).

U.S.S.G. § 5G1.3 governs a sentencing court's imposition of sentence when the defendant is subject to an undischarged term of imprisonment, providing as follows:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

During sentencing, the district court ruled that § 5G1.3(a) applied to Raleigh's federal offense because he was on parole when he committed the instant offense. Raleigh argues that we should follow the reasoning of other circuits and hold that parole does not constitute "a term of imprisonment" for the purpose of § 5G1.3(a). However, this argument overlooks the