UNITED STATES of America, Plaintiff–Appellee,

v.

**Albert William KEYES, Defendant–Appellant.**

No. 01–2541.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Albert William Keyes pleaded guilty to bank robbery and attempted bank robbery, violations of 18 U.S.C. § 2113(a). On October 15, 2001, he was sentenced to 132 months of imprisonment and three years of supervised release. His appeal from that judgment has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Keyes in the district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Keyes did not file a timely response to counsel's motion, and an independent review of the

record reveals no issue that would support a viable direct appeal.

Keyes expressly agreed to enter his guilty plea before a magistrate judge, who issued a report recommending that his plea be accepted. The district court judge adopted this recommendation at sentencing, as Keyes had not filed any objections to the magistrate judge's report. Thus, Keyes has forfeited any claim that he might have regarding his guilty plea for purposes of appellate review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). We note, nonetheless, that the rearraignment transcript indicates that his guilty plea was constitutionally valid and that the magistrate judge substantially complied with the requirements of Fed.R.Crim.P. 11.

The presentence report indicated that Keyes had a total offense level of 25 and a criminal history category of VI, which yielded a total sentencing guideline range of 110–137 months of incarceration. Keyes filed a sentencing memorandum in which he argued that a criminal history category of VI overstated the seriousness of his past criminal conduct. In rejecting this argument, the district court noted that Keyes had numerous prior convictions and that he had graduated from small crimes to larger crimes as he got older. It is evident that the sentencing judge was aware of his discretion to depart downward from the applicable guideline range in an appropriate case. His informed decision not to exercise that discretion here is simply not reviewable on appeal. *See United States v. Henderson*, 209 F.3d 614, 617–18 (6th Cir.2000).

Keyes moved the district court to make his federal sentence concurrent with a state sentence that he believed he would receive for violating his parole. The court did not abuse its discretion by denying this motion, as it gave sufficient reasons for declining to make Keyes's sentence concurrent with a potential state sentence that had not yet been imposed. *See United States v. Raleigh*, 278 F.3d 563, 567–70 (6th Cir.2002).

Keyes did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the present record. The district court determined that Keyes had reviewed the presentence report with his attorney, and it is undisputed that the information in that report supports the court's determination of the applicable guideline range. The 132–month sentence that Keyes received fell within that range, and it was authorized by 18 U.S.C. § 2113(a). In this regard, we note that there was no violation of the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, —— L.Ed.2d —— (2002). Hence, any direct challenge to Keyes's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. . Rule 34(j)(2)(C), Rules of the Sixth Circuit.