**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Lamont ROBERTSON,
Defendant–Appellant.**

**No. 01–6141.**

United States Court of Appeals,
Sixth Circuit.

April 28, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.[*]

PER CURIAM.

In this appeal, defendant Timothy Robertson argues that the district court erred when it ordered that his federal sentence for being a felon in possession of a firearm be served consecutively to his Tennessee sentences for aggravated assault, possession with intent to sell a half gram or more of cocaine, and being a felon in possession of a firearm. According to defendant, the district court erred by imposing a consecutive sentence as the consecutive sentence was not a reasonable penalty and as there was no presumption in favor of a consecutive sentence. For the following reasons,

the district court's decision is AFFIRMED.

I.

On June 26.1997. defendant was arrested for trespassing at a public housing project (the "1997 arrest"). At the time of arrest, he possessed a .45–caliber pistol and 13 rocks of crack cocaine. Defendant subsequently conceded that he had used the gun on June 15 to shoot a man named Clifford Davis. Based on this conduct, he was charged in state court with aggravated assault. possession of a weapon, possession with intent to sell half a gram or more of cocaine, and aggravated criminal trespassing.

On October 16, 1998, defendant was stopped for running a stop sign and subsequently arrested for driving on a revoked license (the "1998 arrest"). In a search incident to his arrest, police found a firearm, ammunition, cocaine, and another drug, alprazolam. Based on this search and defendant's conduct, defendant was charged in state court with possession with intent to sell a half gram or more of cocaine, possession with intent to sell alprazolam, being a felon in possession of a firearm, and driving on a revoked license.

The first federal indictment against defendant was returned in January 1999. It charged defendant with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The charges related to defendant's possession of a firearm at his 1997 and his 1998 arrests. On March 4, 1999, defendant pleaded guilty in state court to the aggravated assault charge and was sentenced to five years of imprisonment. In exchange for his guilty plea, the state dismissed the

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

firearm, drug, and trespass charges associated with his 1997 arrest. On November 17, 1999, a superseding federal indictment was returned charging defendant with the same two counts of being a felon in possession of a firearm at his 1997 and his 1998 arrest and with two additional counts associated with his 1998 arrest.

Following a guilty plea. defendant was sentenced on April 6, 2000 in state court on the drug and firearms charges associated with his 1998 arrest. He received a twelve-year sentence on the drug charge and a three-year sentence on the firearm charge. The state court directed that these sentences be served concurrently but consecutive to the five-year sentence for aggravated assault.

In September 2000, defendant pleaded guilty to count one of the federal indictment being a felon in possession of a firearm at his 1997 arrest. The remaining counts associated with defendant's conduct at the time of his 1998 arrest were dismissed because he had pled guilty to state charges corresponding to those counts. As he does here, defendant argued at sentencing that at least a portion of his federal sentence should be served concurrently with his state sentences. After hearing from defendant and counsel, the district court imposed a consecutive sentence of 77 months. The district court gave the following reasons:

> I'm not persuaded that the sentence served should be concurrent. I think the policy statement and the way it's applied most frequently results in consecutive sentencing. There's not really a presumption, but I think that is frequently the practical effect.

> The bottom line here is that the conduct from count one has not previously been sanctioned by a state court and as a result of that the sentence should be consecutive and not concurrent.

And I have looked at the factors set forth in application note three, which refers to 18, U.S.C., section 3584.... I think this case calls for consecutive sentencing.

## II.

This court reviews a decision to impose consecutive sentences for an abuse of discretion. *United States v. Covert,* 117 F.3d 940, 945 (6th Cir.1997). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S .C. § 3584. Section 3553(a) provides as follows:

> (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>> (2) the need for the sentence imposed—

>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>>> (B) to afford adequate deterrence to criminal conduct;

>>> (C) to protect the public from further crimes of the defendant; and

18 U.S.C. § 3553(a)(1)-(2).

In addition to these statutory considerations, defendant's counsel acknowledged to the district court that the following pro-

vision of the Sentencing Guidelines applies to this case:

> (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c) (2000). The relevant commentary to this guideline section further provides:

> 3. *Concurrent or consecutive sentence—subsection (c) cases.* In circumstances not covered under subsection (a) or (b), subsection (c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) . . .

> .    .    .    .    .

> 5. *Complex situations.* Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3, comment.

While the record does not contain an express analysis of the factors in § 3553(a), the district court was "not required to make specific findings related to each factor considered." *United States v. Campbell*, 309 F.3d 928, 931 (6th Cir.2002). Instead, the record in this case indicates that the district court considered the appropriate factors and that in defendant's case, the district court found that a consecutive sentence was appropriate. Additionally, application of the factors supports this conclusion. As the district court noted, defendant had not been punished by the state court for the conduct in this case. Thus, the purpose of imposing a consecutive sentence was "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant also has an extensive criminal history, and as such, the consecutive sentence furthers the statutory considerations to provide adequate deterrence to criminal conduct and to "protect the public." 18 U.S .C. § 3553(a)(2)(B)-(C); *see also United States v. Raleigh*, 278 F.3d 563, 569 (6th Cir.2002) (affirming consecutive sentences premised upon criminal history). Therefore, the district court acted within its discretion to achieve a reasonable punishment by imposing a consecutive sentence.

Defendant argues that his sentence was not reasonable as the district court did not limit his sentence to an incremental penalty for the felon in possession of a firearm offense. To support this argument, he points to language in 28 U.S.C. § 994(l) directing the Sentencing Commission to "insure that the guidelines . . . reflect—(1) the appropriateness of imposing an *incremental penalty* for each offense in a case in which a defendant is convicted of" multiple offenses. 28 U.S.C. § 994(l) (emphasis added). Contrary to defendant's argument, this language does not limit the penalty for multiple offenses to an incremental penalty. Instead. as the Supreme Court has indicated. " § 994(l) simply ensures that, at a minimum, the Guidelines provide additional penalties when defendants are convicted of multiple offenses." *United States v. Watts*, 519 U.S. 148, 117

S.Ct. 633, 136 L.Ed.2d 554. 154 (1997). Consequently. defendant's argument that the district court was required to impose only an incremental penalty in this case is not persuasive.

Defendant also claims that the district court erred in finding that, generally, application of U.S.S.G. § 5G1.3(c) results in the imposition of a consecutive sentence. Defendant correctly points out that, unlike the version of the guideline section in effect prior to 1989, the current version is neutral and does not contain a presumption in favor of consecutive sentences. Regardless, nothing in the record indicates that the district court thought that it was required to impose a consecutive sentence. Instead, the record supports the conclusion that the district court was familiar with the charges against defendant and his criminal history and that after considering the factors, the district court decided to impose a consecutive sentence. Thus. as the imposition of a consecutive sentence was not based on an erroneous interpretation of the law. there was no error.

### III.

For the foregoing reasons, we AFFIRM the district court's decision to impose defendant's federal sentence consecutive to his state sentences.