**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis MALDONADO, Defendant–Appellant.**

No. 03–1843.

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before: KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

## ORDER

Dennis Maldonado pled guilty to possessing more than fifty grams of heroin for intended distribution, a violation of 21 U.S.C. § 841(a)(1). On June 20, 2003, he was sentenced to seventy-two months of imprisonment and four years of supervised release. It is from this judgment that Maldonado now appeals. The parties have waived oral argument and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Maldonado primarily argues that his federal sentence should have been concurrent to a prior state sentence of fifteen to forty years that he had received after being convicted of possessing cocaine for intended delivery. We review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *See United States v. Raleigh*, 278 F.3d 563, 566 (6th Cir.2002). However, the court's decision to impose a consecutive sentence under USSG § 5G1.3 is reviewed for an abuse of discretion on appeal. *See id.* at 567.

Maldonado argues that the district court did not give adequate consideration to the disparity between the total of his consecutive terms of imprisonment and the shorter total sentence that would have been imposed if he had been sentenced for both the heroin and cocaine charges in federal court. He argues that the court should have imposed at least a partially concurrent sentence in light of the sentencing factors that are listed in 18 U.S.C. § 3584.

This argument is refuted by the record, which shows that the district court gave adequate consideration to the length of Maldonado's undischarged state sentence and the time likely to be served before his release. The court also considered other relevant circumstances, including the possibility that Maldonado would have been subject to a lengthy federal sentence as a career offender, if he had not delayed the disposition of his state court case by absconding while he was on bond. Finally, we note that the district court did impose a concurrent federal sentence insofar as Maldonado may be required to serve more than the fifteen-year minimum term of his state sentence. Under these circumstances, we conclude that the court acted within its discretion by not making his federal sentence concurrent to more of his state sentence. *See United States v. Campbell*, 309 F.3d 928, 931 (6th Cir.2002), *cert. denied*, 537 U.S. 1224, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003); *Raleigh*, 278 F.3d at 569–70.

Accordingly, the district court's judgment is affirmed.