**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus WOODS, Defendant–Appellant.**

No. 03–5704.

United States Court of Appeals,
Sixth Circuit.

May 5, 2004.

Thomas L. Parker, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, Paul M. O'Brien, Asst. U.S. Attorney, U.S. At-torney's Office, Nashville, TN, for Plain-tiff–Appellee.

Doris A. Randle–Holt, Asst. F.P. De-fender, Office of the Federal Public De-fender for the Western District of Ten-nessee, Memphis, TN, for Defendant–Appellant.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

*ORDER*

In 1999, Marcus Woods was sentenced to five years of probation after pleading guilty to possessing cocaine for intended distribution. *See* 21 U.S.C. § 841(a)(1). In 2002, he was sentenced to 120 months of incarceration after pleading guilty to conspiring to possess and actually possess-ing cocaine base for intended distribution. *See* 18 U.S.C. § 2 *and* 21 U.S.C. § 841(a). On April 22, 2003, the district court re-voked Woods's probation and imposed a sentence of thirty-three months of incar-ceration, which was consecutive to the 120–month sentence that he had received in 2002. Woods now appeals the court's 2003 judgment. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a)

Woods has not raised any challenge to the district court's finding that he violated a condition of his probation. Instead, he argues that the court erred by determining that it had no discretion to impose a con-current sentence in his case.

We generally review the sentencing court's legal conclusions *de novo*, while reviewing its factual findings for clear er-ror. *United States v. Raleigh*, 278 F.3d 563, 566 (6th Cir.2002). However, the dis-trict court's decision to impose a consecu-tive sentence is reviewed for an abuse of discretion on appeal. *See id.* at 567. Moreover. Woods did not raise his cur-

rent claim in the district court. Therefore, he has forfeited this claim in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

Woods argues that the district court committed plain error because it erroneously believed that it was bound by the following sentencing guideline.

Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

USSG § 7B1.3(f), p.s. (2002). This guideline contains a policy statement that is not binding on the district court. *United States v. Throneburg,* 87 F.3d 851, 853–54 (6th Cir.1996).

The sentencing transcript does not show that district court was unaware of its discretion to impose a concurrent sentence in appropriate cases. Thus, we assume that the court was aware of that discretion here, and conclude that it exercised its discretion after considering the circumstances of Woods's case. *See United States v. Campbell,* 309 F.3d 928, 931 (6th Cir.2002), *cert. denied,* 537 U.S. 1224, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003); *Throneburg,* 87 F.3d at 854. Moreover, the court did not abuse its discretion by imposing a consecutive sentence, as Woods had benefited from a substantial downward departure when he was sentenced in 2002. *See Raleigh,* 278 F.3d at 569–70.

Accordingly, the district court's judgment is affirmed.