NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0060n.06
Filed: November 1, 2004

No. 03-1948

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **LEONARD McCALL,** | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, DAUGHTREY and SUTTON, Circuit Judges.

PER CURIAM.    This appeal from a judgment revoking the federal term of supervised release of the defendant, McCall, raises the question of whether due process forbids a delay in the issuance of a warrant for violation of supervised release while the defendant remains in state custody. McCall concededly violated his federal parole in connection with the state crime of receiving and concealing stolen property for which he was sentenced to state custody. The U.S. Probation Office requested issuance of a parole violations warrant on November 8, 2001. The warrant was not served until June 6, 2003, when McCall was released by the state. A hearing was conducted thereafter. McCall argues that this delay violates due process. *U.S. v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996), rejects this very argument in a case in which there was a delay of two

years while the defendant served his state term for a crime which gave rise to the federal parole violation.

McCall also argues that the record below supports a finding that the District Judge was unfamiliar with the federal sentencing guidelines and did not know that the guidelines are advisory only with respect to sentencing for parole violations. To the contrary, McCall's own lawyer advised the District Court at Appendix page 69 that the guideline range is advisory only.

Accordingly, the judgment of the district court is AFFIRMED.