**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4801**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL ANGELO LOISEAU, a/k/a Malik, a/k/a Michael Wright,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:97-cr-00344-REP-1)

Submitted:  April 18, 2011              Decided:   May 6, 2011

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Alexandria, Virginia, John Staige Davis, V, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Angelo Loiseau appeals the district court's judgment revoking his supervised release and imposing a forty-six-month sentence. Loiseau's counsel has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but asking this court to review whether the district court: (1) unreasonably delayed conducting Loiseau's revocation hearing; (2) adequately explained the reasons for the forty-six-month sentence it imposed; and (3) abused its discretion in running the revocation sentence consecutive to the previously imposed state sentence. Although advised of his right to do so, Loiseau has not filed a pro se supplemental brief, and the Government has similarly declined to file a responsive brief. We affirm.

Loiseau first argues the nineteen-month delay between his arrest and his revocation hearing violated his right to a reasonably prompt revocation hearing, as provided by Fed. R. Crim. P. 32.1(b)(2), and the Fifth Amendment Due Process Clause. We find no merit in either contention. First, Rule 32.1 only applies to those individuals in custody solely for the violation of their supervised release. See United States v. Pardue, 363 F.3d 695, 697-98 (8th Cir. 2004). Loiseau was arrested on December 1, 2008, and was held in custody by Virginia authorities for his state law violations, not for violating his

2

federal supervised release. Accordingly, Loiseau's claim pursuant to Rule 32.1 fails.

Loiseau's due process claim fares no better. While a defendant on supervised release has a procedural due process right to a revocation hearing, see United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992), a delay in the execution of the violation warrant is not automatically a due process violation. A delay may frustrate a defendant's due process rights if it undermines his ability to contest the issue underlying the violation or to proffer mitigating evidence. See United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994). Loiseau's claim of prejudice is unavailing because he does not allege any interference in his defense of the supervised release violation charge. See id.; accord United States v. Throneburg, 87 F.3d 851, 853 (6th Cir. 1996) ("[T]he defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation."). Thus, we reject this claim.

Turning to the claims regarding his sentence, Loiseau first asserts that his sentence is procedurally unreasonable because the court failed to properly analyze his case or explain the reasons for the selected sentence. We disagree.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United

3

States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." Thompson, 595 F.3d at 546; see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439. Only if this court finds the sentence unreasonable must we decide whether it is "plainly" so. Moulden, 478 F.3d at 656.

4

The district court identified several reasons for the sentence, the most significant of which was the 75% reduction in Loiseau's initial sentence. See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4 cmt. n.4 (1998). The court further found the additional term of incarceration was necessary to protect the public, as well as to deter Loiseau from future criminal conduct. We conclude the district court's explanation was more than sufficient. See Thompson, 595 F.3d at 547 (opining that this court "may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences").

Loiseau also suggests the district court abused its discretion in running the revocation sentence consecutive to the previously imposed state sentence. We consider this issue in terms of the substantive reasonableness of Loiseau's sentence. A revocation sentence is substantively reasonable if the district court stated "a proper basis" for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

The district court's decision to run Loiseau's forty-six-month sentence consecutive to his previously imposed state sentence comports with USSG § 7B1.3(f), p.s.. The district court plainly deferred to this policy statement and, while such

5

deference is not required, it was more than proper. See Thompson, 595 F.3d at 547; see also Moulden, 478 F.3d at 656-57.

Loiseau contends the consecutive sentence was unnecessary because the twenty-year state sentence satisfied the objectives of sentencing. However, the revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release. Crudup, 461 F.3d at 438. This was Loiseau's second supervised release revocation, and he admitted to three violations, including the commission of serious felonies. These violations reflect Loiseau's disregard for his supervision and thus the court's decision to impose a consecutive revocation sentence was substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] This court requires that counsel inform Loiseau, in writing, of the right to petition the Supreme Court of the United States for further review. If Loiseau requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

---

[*] Although Loiseau does not challenge the calculation of the advisory policy statement range, we note that we have reviewed the district court's sentencing calculations and discern no error.

6

was served on Loiseau.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED