**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0089n.06

No. 11-3105

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| STEVEN TOY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**

***Jan 25, 2012***

LEONARD GREEN, Clerk

Before:  COOK, McKEAGUE, and ROTH,[*] Circuit Judges.

PER CURIAM.  Steven Toy appeals through counsel a district court judgment revoking his term of supervised release.

In 2002, Toy was convicted of possession with intent to distribute more than fifty kilograms of marijuana.  He was sentenced to twenty-seven months of imprisonment and three years of supervised release.  In June 2007, Toy was arrested on a warrant for violating the terms of his supervised release.  He moved to dismiss the charges because some of the paperwork in his file indicated that his term of supervised release began in April 2004, which would render the June 2007 warrant outside the term of supervised release.  However, the district court found that Toy's supervised release term actually commenced in July 2004, as indicated by his records from the

---

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

Bureau of Prisons. Therefore, the motion to dismiss was denied. In January 2011, a hearing was held on the alleged violations. Toy admitted violating the term of supervised release that prohibited him from incurring further criminal convictions, by being convicted of disorderly conduct, attempted insurance fraud, and several traffic violations. He argued, however, that the hearing was unduly delayed and the violations should be dismissed. The district court disagreed with the argument regarding undue delay, noting that the delay was caused by Toy's commission of several state crimes and his failure to report his whereabouts. The district court revoked the period of supervised release and ordered Toy to serve twelve months of imprisonment consecutive to a lengthy state prison term he had incurred after the expiration of his supervised release term.

On appeal, Toy repeats his argument that the district court lacked jurisdiction to revoke his supervised release because some of his records indicate that his term of supervised release commenced in April 2004, and the warrant for his arrest was not issued until June 2007. He also reasserts his claim that the hearing on his revocation was untimely.

The district court's determination that it had jurisdiction to revoke Toy's supervised release is reviewed de novo. *See United States v. Goins*, 516 F.3d 416, 419 (6th Cir. 2008). The district court correctly determined that it had jurisdiction to revoke Toy's supervised release, because his records from the Bureau of Prisons show that his term of supervised release commenced in July 2004 and the warrant was issued within three years of that date.

Toy argues that there was undue delay between his arrest in June 2007 and his revocation hearing in January 2011. The delay was due to Toy's commission of new state offenses and his failure to report his whereabouts. Moreover, Toy fails to show any prejudice because he does not argue that the delay affected his ability to defend the charges, which he admitted. *See United States*

*v. Madden*, 515 F.3d 601, 607 (6th Cir. 2008). Although Toy argues that the delay allowed the

district court to sentence him consecutively to his new state term of imprisonment, this court has held

that a delay that affects the ability to serve sentences concurrently does not constitute prejudice. *See*

*United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996).

Accordingly, we find Toy's arguments without merit and affirm the district court's judgment.