**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antuwane TATE, Defendant–Appellant.**

**No. 00–6371.**

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before MARTIN, Chief Circuit Judge; SILER and CLAY, Circuit Judges.

*ORDER*

Antuwane Tate appeals from his judgment of conviction and sentence. Counsel for both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Tate pleaded guilty to possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Tate to 126

months of imprisonment and five years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Tate argues that the district court improperly determined the quantity of drugs utilized for sentencing purposes.

Upon review, we conclude that the district court properly determined the drug quantity applicable to Tate's sentence. This court reviews the sentencing court's determination of drug quantity for clear error. *United States v. Hough,* 276 F.3d 884, 891 (6th Cir.2002). This finding of fact will be deemed clearly erroneous only when this court is left with the definite and firm conviction that a mistake has been committed, based on a review of the record as a whole. *United States v. Raleigh,* 278 F.3d 563, 566 (6th Cir.2002). The quantity of drugs needs only to be supported by a preponderance of the evidence, *Hough,* 276 F.3d at 891, and the district court may rely on any competent evidence in the record, *id.,* including hearsay evidence. *United States v. Davis,* 170 F.3d 617, 622 (6th Cir.1999); *United States v. Bingham,* 81 F.3d 617, 635 (6th Cir.1996). The evidence must contain a minimal level of reliability beyond mere allegation, and the court should err on the side of caution in making its conclusion. *United States v. Owusu,* 199 F.3d 329, 338 (6th Cir.2000).

The district court did not commit clear error in determining the drug quantity applicable to Tate's sentence. On December 13, 1999, Tate was arrested during a drug transaction. Shortly after Tate's arrest, a police detective weighed the cocaine base seized during the drug transaction on a digital scale, which registered a quantity of 507.4 grams of cocaine base. In preparation for Tate's sentencing, the cocaine base was weighed again in August 2000, and the drug quantity then had only a net weight of 455.9 grams. Since a quantity of cocaine base over 500 grams increases a defendant's total offense level by two levels under USSG § 2D1.1(c), Tate argued that the smaller weight from August 2000 should be used to determine the applicable drug quantity for his Guidelines calculations.

After considering the available evidence, the district court properly rejected this argument. In addition to the testimony of the detective asserting that the cocaine base weighed over 500 grams shortly after Tate's arrest, the government presented the testimony of a toxicologist, who regularly performs testing on seized substances to determine if they are illegal drugs. She testified that crack cocaine would lose weight over time because the water used to form the cocaine rock would evaporate. She also presented the hearsay statement of another chemist experienced in testing drugs, who indicated that a drug quantity could decrease up to 25% over time due to the evaporation of water. This potential rate of decrease significantly exceeds the 10% decrease present in this case. In response to the government's evidence, Tate did not present any evidence which challenged the detective's initial weighing of the drugs or the testimony of the toxicologist, despite being provided with additional time by the district court. Consequently, a preponderance of the evidence supported the conclusion that Tate intended to distribute over 500 grams of cocaine base.

Accordingly, this court affirms the district court's judgment.