**Antuwane TATE; Petitioner–Appellant,**

**Bill Cockrell; Belinda Young, Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–6448.

United States Court of Appeals, Sixth Circuit.

July 8, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Bill Cockrell and Belinda Young, as putative next friends of Antuwane Tate, proceeding pro se, appeal a district court judgment dismissing their petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Tate pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Tate was sentenced to serve 126 months of imprisonment followed by five years of supervised release. This court affirmed Tate's conviction and sentence on appeal. *United States v. Tate,* 39 Fed.Appx. 178 (6th Cir. May 15, 2002) (unpublished order).

On August 9, 2002, Cockrell and Young filed the instant petition for a writ of habeas corpus pursuant to § 2254, even though Tate is a federal prisoner and should proceed under 28 U.S.C. § 2255. The petition alleged that Tate was denied effective assistance of counsel during the criminal proceedings that culminated in his guilty plea. Cockrell, Tate's friend, and Young, Tate's mother, filed the petition as putative next friends of Tate.

The district court dismissed the petition for lack of jurisdiction, concluding that Cockrell and Young lacked standing to proceed on Tate's behalf. Cockrell and Young filed a motion to reconsider, which the district court denied. Cockrell and Young have filed a timely appeal.

This court reviews de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001).

A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *see also West v. Bell,* 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis,* 144 F.3d 429, 432 (6th Cir.1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore,* 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

Upon review, we conclude that the district court properly dismissed Cockrell and Young's habeas corpus petition based upon their lack of standing to proceed on Tate's behalf. Cockrell and Young did not satisfy the requirements to qualify for next friend status. First, they did not assert, or provide any evidence, that Tate is incompetent or otherwise incapable of pursuing the instant action on his own behalf. Second, Cockrell and Young did not demonstrate that they are truly dedicated to Tate's best interests. Even assuming that Young, Tate's mother, is acting in Tate's best interests, *see Franklin*, 144 F.3d at 432, the failure of Cockrell and Young to demonstrate Tate's incompetence or incapacity is fatal to their petition.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.